ROBERT PITRUZELLO ET AL. *v.*
ANTHONY L. MURO, JR.

LOUIS R. PALIZZA ET AL. *v.* ANTHONY L. MURO, JR.
(AC 22307)

Lavery, C. J., and Schaller and Peters, Js.

Argued April 2—officially released June 4, 2002

*Mark R. Cramer*, with whom, on the brief, was *James M. Celentano*, for the appellant (defendant-third party plaintiff).

*Joseph M. Pastore III*, with whom were *Pamela E. Woodside* and, on the brief, *Robert D. Gilbert* and *James*

*Zucker*, for the appellee (third party defendant PENSCO Pension Services, Inc.).

*Opinion*

PETERS, J. A foreign corporation may be haled into court in Connecticut only if a plaintiff alleges jurisdictional facts that, if proven, would satisfy one of the provisions of our long arm statute, General Statutes § 33-929 (f).[1] The issue in this case is whether a complaint has alleged, with sufficient specificity, that a foreign corporation solicited business; General Statutes § 33-929 (f) (2); or engaged in tortious conduct; General Statutes § 33-929 (f) (4); that is actionable in this state.[2] Holding that the jurisdictional facts alleged in the complaint were too conclusory to withstand a motion to dismiss, the trial court concluded that it had no personal jurisdiction over the foreign corporation. Accordingly, it rendered judgment in its favor. The defendant, third party plaintiff, Anthony L. Muro, Jr. (hereinafter plaintiff), has appealed from the judgment. We agree with the court and affirm the judgment.

This case arises out of underlying actions for negligence brought by Robert Pitruzzello, Virginia Pitruz-

[1] Compliance with our statute is necessary but not sufficient to establish personal jurisdiction. Even if the requirements of our statute are met, a plaintiff also must demonstrate that it would not violate constitutional norms of due process to assert personal jurisdiction over the defendant in this state. See *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 606, 674 A.2d 426 (1996).

[2] General Statutes § 33-929 (f) provides in relevant part: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state . . . or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

zello, Louis R. Palizza and Maria Palizza to recover damages for losses attributable to a misguided investment scheme that allegedly was recommended to them by Muro. The third party defendant, PENSCO Pension Services, Inc. (defendant), a foreign corporation and the custodian of the underlying plaintiffs' investment accounts, was not named as a defendant in the underlying actions.

While those negligence actions were pending, the present plaintiff filed third party complaints charging the present defendant with dereliction in its performance of its custodial duties. Substantively, the third party complaints alleged that, as custodian, the defendant had negligently and fraudulently participated in the failed investment scheme by misrepresenting the nature of the investments and by failing to supervise the entities that participated therein. Jurisdictionally, the third party complaints alleged, without factual detail, that the defendant had both solicited business and engaged in tortious conduct in this state.[3]

The defendant filed motions to dismiss the third party complaints pursuant to Practice Book § 10-30. "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; internal quotation marks omitted.) *Olson* v. *Accessory Controls & Equipment Corp.*, 54 Conn. App. 506, 515, 735 A.2d 881 (1999), aff'd, 254 Conn. 145, 757 A.2d 14 (2000). The defendant alleged that it is incorporated and has its place of busi-

---

[3] The third party complaint named other defendants as well. None is a party to this appeal.

ness in California. It further alleged that it has no formal presence in Connecticut, has no offices or employees here, is not licensed as a foreign corporation or other business entity here and owns no real property here. It denied the plaintiff's allegation that it had solicited business or had committed a tort in this state.

The trial court granted the motions to dismiss. It concluded that the plaintiff's allegations of jurisdictional facts were too conclusory to satisfy his burden of establishing that the court had personal jurisdiction over the defendant.

The plaintiff has appealed. On appeal, as at trial, "[i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410–11, 722 A.2d 271 (1999); *Tooley* v. *Metro-North Commuter Railroad Co.*, 58 Conn. App. 485, 491, 755 A.2d 270 (2000). A challenge to the jurisdiction of the court presents a question of law. *State* v. *Welwood*, 258 Conn. 425, 433, 780 A.2d 924 (2001). Our review of the court's legal conclusion is, therefore, plenary. Id.

The plaintiff does not deny that the defendant is a foreign corporation that has no formal presence in Connecticut. He contends, however, that the trial court had personal jurisdiction over the defendant because, in this state, it had solicited business; General Statutes § 33-929 (f) (2); and had engaged in tortious conduct. General Statutes § 33-929 (f) (4). Although his third party complaints referred to these bases for jurisdiction in general terms, he maintains that the affidavit that he filed in response to the motions to dismiss contained factual allegations that were sufficiently fact specific to allow his case to go forward.

The plaintiff appeals from the dismissal of his third party complaints on two grounds. First, he challenges the validity of the trial court's assessment of the jurisdictional record in this case. Second, he maintains that the court's judgment is inconsistent with other Connecticut case law.

I

In the trial court's analysis of whether it had personal jurisdiction, it considered allegations contained in three documents: The plaintiff's third party complaint, the affidavit submitted by the defendant in support of its motions to dismiss and the plaintiff's counteraffidavit. The plaintiff does not suggest that there were other documents that the court should have taken into account.

The plaintiff takes issue, however, with the manner in which the court conducted its analysis. He recognizes that he bore the burden of proof of establishing facts pertaining to personal jurisdiction. See *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 607, 674 A.2d 426 (1996); *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 53–54, 459 A.2d 503 (1983); *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 298, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). He maintains, however, that the court improperly failed to consider the allegations of his complaints "in their most favorable light." *Reynolds* v. *Soffer*, 183 Conn. 67, 68, 438 A.2d 1163 (1981); *Olson* v. *Accessory Controls & Equipment Corp.*, supra, 54 Conn. App. 516.

The plaintiff argues that the court improperly made a factual determination of the merits of his third party complaints. He points to a sentence in the memorandum of decision in which the court stated that, even if the allegations of the third party complaints, standing alone, might have provided a basis for assuming personal jurisdiction, "they are not supported by [the plaintiff's] affi-

davit and they have been contradicted by [the defendant's] affidavit."

The plaintiff misreads the memorandum of decision and the governing law. The court determined that the defendant's affidavit *raised a question* about the sufficiency of the plaintiff's allegations of jurisdictional facts. See *Olson* v. *Accessory Controls & Equipment Corp.*, supra, 54 Conn. App. 514–15. The rule is that a trial court must accept all *undisputed* factual allegations for the purpose of determining whether a plaintiff has sustained his burden of proving that the court has personal jurisdiction over a defendant under the long arm statute. *Knipple* v. *Viking Communications, Ltd.*, supra, 236 Conn. 608–609. Once the plaintiff's factual allegations were disputed, however, the trial court could not avoid scrutiny of the plaintiff's affidavit to determine whether it "could provide a sufficient basis for the court to assume in personam jurisdiction." The court's inquiry and statement were altogether appropriate.

Coming to the heart of the plaintiff's appeal, we must determine whether the trial court properly construed the documentary record that was before it. We conclude that it did.

The plaintiff's third party complaints contained only one allegation of jurisdictional fact. Paragraph twenty-five of count eighteen alleged that "at all relevant times, [the defendant] has been engaged in the trade or commerce of advertising, promoting, and administering the sale of products and services to consumers in Connecticut." Although the third party complaint did not allege facts that would directly substantiate this broad allegation, the plaintiff claims that sufficient factual allegations should be inferred from other parts of the complaint. These paragraphs described the ways in which the defendant allegedly had engaged in miscon-

duct to the detriment of the underlying plaintiffs in Connecticut.

In support of its motions to dismiss, the defendant submitted two affidavits by its president, which denied the jurisdictional allegations contained in the plaintiff's third party complaints. It alleged that it did not advertise, solicit or conduct business in this state, either as a general matter or with respect to the plaintiff and the underlying plaintiffs. It alleged a lack of knowledge of how its custodianship services had come to the attention of the plaintiff or the underlying plaintiffs. It alleged that it was its policy not to use mass mailings or direct marketing techniques to solicit applications for its services. Finally, in response to the plaintiff's affidavit, it alleged that none of the statements made in mailings concerning custodianship accounts constituted the solicitation of business in this state.[4]

In response to the motions to dismiss, the plaintiff presented an affidavit to support his allegation of in personam jurisdiction. He relied, for jurisdictional facts, on statements made by the defendant in the various mailings that it sent to Connecticut, which the plaintiff had appended to his affidavit.

We can discern nothing in these mailings that, in any way, provides factual evidence of solicitation of business. Exhibit A is a packet of application forms, in which the defendant, inter alia, described its custodial role and the fees that it would charge. The application form contains nothing to indicate who had initiated the application process. Exhibits B and C contain accurate

---

[4] In these affidavits, the defendant also disputed the substantive allegations of the third party complaint. It acknowledged its role as custodian of the underlying plaintiffs' investment vehicles, but denied any responsibility for the losses that they had incurred. It pointed to language in the papers that prospective investors received in which it expressly informed them that the defendant was not a fiduciary and took no responsibility for investment results.

quarterly account statements that the defendant mailed to the underlying plaintiffs and to the third party plaintiff. The plaintiff has not explained how such mailings were solicitations of business of any kind. Exhibit D is a series of newsletters that the defendant enclosed in its mailing of quarterly reports on the investments of the underlying plaintiffs.[5] As the trial court aptly observed, the newsletters do no more than tout the excellence of the defendant's services. Exhibit E is a letter in which the defendant asked the third party plaintiff to provide an e-mail address and a fax number. Exhibit F is a letter informing the third party plaintiff of the defendant's intent to file a proof of claim with respect to one of the investment accounts. Exhibit G is a letter sent by the *plaintiff* to the defendant concerning an accounting for payment of renewal fees.

We can find no way to connect these exhibits with any demonstration that the defendant solicited business in Connecticut. They seem to us, as they did to the trial court, to show nothing more than the proper administration of custodial investment accounts. Accordingly, we agree with the court's conclusion that the plaintiff's exhibits contained no allegations of jurisdictional facts that would fill the gaps in the plaintiff's third party complaint. The plaintiff, therefore, has not proven that the court had personal jurisdiction over the defendant by virtue of § 33-929 (f) (2).

Neither the plaintiff's third party complaints nor his affidavit contains any factual allegations that the defen-

[5] The plaintiff argues that these newsletters solicited new business from the underlying plaintiffs because they invited investors to bring new business to the defendant. One paragraph in these newsletters defends the fees charged to clients and suggests that a client's overall custodial fees might be reduced by consolidating other investment accounts with the existing account located with the defendant. Another paragraph describes on-line services that are not available in Connecticut. Elsewhere, the newsletters contain accurate information about the services that the defendant renders and the investment vehicles that the underlying plaintiffs had selected.

dant engaged in conduct in this state that was tortious. It bears noting that the plaintiff's pleadings do not allege that any of the mailings sent by the defendant to Connecticut included statements that were untruthful or misleading. The trial court nonetheless might have concluded that it had personal jurisdiction with respect to the plaintiff's other claims of negligence and breach of duty, if the plaintiff had sufficiently alleged that, in other respects, the defendant had solicited business in this state. See *Thomason* v. *Chemical Bank*, 234 Conn. 281, 286, 661 A.2d 595 (1995); *Frazer* v. *McGowan*, 198 Conn. 243, 248–49, 502 A.2d 905 (1986). Having failed to establish this predicate, the plaintiff has not alleged jurisdictional facts sufficient to prove that the court had personal jurisdiction over the defendant by virtue of § 33-929 (f) (4).

## II

Despite these infirmities in the plaintiff's jurisdictional allegations, he maintains that they are sufficient in light of the principles set forth in other Connecticut cases that have addressed the sufficiency of factual allegations of solicitation of business by foreign corporations. He cites *Thomason* v. *Chemical Bank*, supra, 234 Conn. 281, which held that "a cause of action may be said to aris[e] . . . out of . . . business solicited in this state pursuant to [General Statutes] § 33-411 (c) (2) [now § 33-929 (f) (2)] even if the business forming the basis of the cause of action . . . never was solicited in Connecticut." (Internal quotation marks omitted.) *Thomason* v. *Chemical Bank*, supra, 286; see also *Frazer* v. *McGowan*, supra, 198 Conn. 249. Our long arm statute may apply even though there is "[no] causal connection between the plaintiff's cause of action and the defendant's presence in this state." *Lombard Bros., Inc.* v. *General Asset Management Co.*, 190 Conn. 245, 253–54, 460 A.2d 481 (1983).

The plaintiff is, therefore, right to remind us that, in deciding the question of personal jurisdiction, we must

take into account the totality of business allegedly solicited by the defendant in this state, including but not limited to transactions between the defendant and the underlying plaintiffs. The applicability of this principle depends, however, on the factual circumstances under which the issue of jurisdiction has been raised. *Thomason* and *Frazer* are illustrative. They do not strengthen the plaintiff's position.

In *Thomason* v. *Chemical Bank,* supra, 234 Conn. 281, a foreign defendant bank was held to be subject to suit here because it had held meetings in Connecticut for eleven years, had advertised in national publications that are widely read in Connecticut, participated in mortgage transactions in Connecticut, and issued credit cards to Connecticut residents. Id., 284–85. In this case, by contrast, the plaintiff has not alleged that the defendant solicited custodial business from *anyone* in Connecticut other than his own twenty or so clients.

In *Frazer* v. *McGowan,* supra, 198 Conn. 243, a foreign defendant hospital was held to be subject to suit here because of its significant connections with residents of this state other than the plaintiff. Id., 253–54. The hospital had no structural linkage with Connecticut. It had no treatment facilities here, was not registered here as a foreign corporation and was not licensed to provide medical services here. Id., 245. Nonetheless, the hospital conferred admitting privileges upon Connecticut physicians, allowed its physicians to maintain Connecticut offices and provided services to Connecticut patients who made up approximately one third of its clientele. Id., 253. What has the plaintiff in the present case alleged that resembles that scenario? As previously noted, the plaintiff does not allege that the defendant undertook any custodial obligations in this state for anyone other than the underlying plaintiffs.

The Connecticut case that more closely resembles the circumstances of this case is *Lombard Bros., Inc.*

v. *General Asset Management Co.*, supra, 190 Conn. 245. There, the defendant was a securities dealer that did business only in New York. Id., 248. The dealer's contacts with Connecticut were 145 accurate duplicate confirmations sent to this state in response to the plaintiff's transfer of funds to the dealer. Id., 255. In addition, the dealer had dealt with twelve other Connecticut customers, with whom it did $771,000,000 in trades representing less than 1 percent of the dealer's total business. Id. Further, the defendant, in two instances, had placed advertisements in the New York Times and the Wall Street Journal that announced the names of persons joining the firm. Id., 255–56.

*Lombard Bros., Inc.*, held that these facts did not suffice to permit a Connecticut court to exercise personal jurisdiction over the securities dealer. It found the two advertisements to be insufficient, by themselves, to constitute "repeated solicitation of business." Id., 257. It noted that, "[a]part from these advertisements, there is neither allegation nor evidence that the defendant ever expressly solicited business from the plaintiff . . . or from anyone else." Id.

There is a similar lack of allegation in this case. Even if the plaintiff were to have alleged, with specificity, how the defendant initiated contacts with himself and the underlying plaintiffs, he has not sufficiently alleged that the defendant *repeatedly* solicited in this state. To state the obvious, there is no allegation that the defendant ever solicited business from any other Connecticut residents to buttress the plaintiff's argument for jurisdiction. To state the obvious, the fact that the defendant had twenty rather than thirteen customers in Connecticut does not justify the plaintiff's failure to support his complaint with sufficiently specific jurisdictional allegations.

In sum, we conclude that the trial court properly dismissed the plaintiff's third party complaints against

the defendant for lack of personal jurisdiction. In the absence of more extensive and more specific jurisdictional allegations, the plaintiff's complaints do not satisfy either of the requirements for long arm jurisdiction that are set out in § 33-929 (f) (2) or (4).

The parties are in agreement that, if we find the statute to be inapplicable, we should not address the constitutional question of whether assertion of personal jurisdiction in this case would comport with constitutional requirements of procedural due process. See, e.g., *Lombard Bros., Inc.* v. *General Asset Management Co.*, supra, 190 Conn. 250; see also *Knipple* v. *Viking Communications, Ltd.*, supra, 236 Conn. 609. We agree as well.

The judgment is affirmed.

In this opinion the other judges concurred.