[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
The defendants' move to dismiss on the grounds that the court lacks subject mailer jurisdiction under the doctrines of judicial and sovereign immunity.
The plaintiff, Allen Adgers, filed a pro se complaint against the defendants, the Superior Court and the Appellate Court. The plaintiff alleges that after a conviction in a criminal case, the Superior Court refused to waive the appellate filing fee. The plaintiff further alleges that the Appellate Court denied his motion for a hearing and ultimately dismissed his appeal. The plaintiff seeks relief by way of money damages.
On July 9, 2002, the defendants filed a motion to dismiss the plaintiff's complaint and a memorandum of law in support thereof. On July 23, 2002, August 13, 2002, and August 30, 2002, the plaintiff filed pleadings and/or memoranda in opposition to the defendants' motion to dismiss.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted). Henriquezv. Allegre, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Ganim v. Smith Wesson Corp.,258 Conn. 313, 326, 780 A.2d 98 (2001). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Internal quotation marks omitted.) Pitruzello v. Muro, 70 Conn. App. 309, 312, 798 A.2d 469
(2002).
CT Page 13992
 A Suit Barred by Judicial Immunity
"It is a long-standing doctrine that a judge may not be civilly sued for judicial acts he undertakes in his capacity as a judge. The rationale is that a judge must be free to exercise his judicial duties without fear of reprisal, annoyance or incurring personal liability." Lombard v.Edward J. Peters. Jr., P.C., 252 Conn. 623, 630, 749 A.2d 630 (2000). The concept of subject matter jurisdiction "involves the authority of a court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724,727, 724 A.2d 1084 (1999). "Our Connecticut Supreme Court has adopted the principles of judicial immunity and applied them in the context of judicial proceedings in this state. Since the doctrine of judicial immunity implicates the issue of subject matter jurisdiction, it is appropriate to apply the doctrine to dismiss any case in which it deprives the court of subject matter jurisdiction." Honan v. Dimyan, Superior Court, judicial district of Danbury, Docket No. CV 00 0338202 (November 8, 2001, White, J).
In the present case, the defendants seek a dismissal based on the doctrine of judicial immunity. They argue that judges have absolute immunity from suit for all actions taken in the course of their judicial duties. The plaintiff, in his objection to the motion to dismiss, asserts that the doctrine of judicial immunity does not bar his suit in seeking injunctive relief because as an indigent, he was entitled to a fee waiver. The plaintiff cites no legal authority to support his claim for denial of the defendants' motion to dismiss. The defendants' motion to dismiss is granted based on lack of subject matter jurisdiction because the defendants, as judges, are entitled to absolute judicial immunity.
 B
Suit Barred by Sovereign Immunity
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Martinez v. Dept. of Public Safety,258 Conn. 680, 683, 784 A.2d 347 (2001). "[T]he sovereign is immune from suit unless the state, by appropriate legislation, consents to be sued. . . . [S]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . ." (Citations omitted; internal
CT Page 13993
quotation marks omitted.) Berger, Lehman Associates, Inc. v. State,178 Conn. 352, 356, 422 A.2d 268 (1979). "[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Internal quotation marks omitted.) Shay v.Rossi, 253 Conn. 134, 168, 749 A.2d 1147 (2000). "The legislature has carved out certain statutory exceptions to the general rule of sovereign immunity and allowed governmental entities to be sued under certain limited circumstances." (Internal quotation marks omitted.) Witczak v.Gerald, 69 Conn. App. 106, 111, 793 A.2d 1193 (2002).
In addition, "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." (Internal quotation marks omitted.) Shay v.Rossi, supra, 253 Conn. 169. "[I]n order to overcome sovereign immunity, the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they also must allege or otherwise establish facts that reasonably support those allegations." Id., 174-75.
Here, the plaintiff fails to allege the necessary facts to invoke a waiver of sovereign immunity. The plaintiff neither alleges a statutory basis for waiver of sovereign immunity nor alleges facts to establish that the defendants have acted in excess of statutory authority or pursuant to an unconstitutional statute. Accordingly, the defendants' motion to dismiss on the ground of sovereign immunity is granted.
For the foregoing reasons, the defendants' motion to dismiss on the grounds of judicial immunity and sovereign immunity is granted.
 ___________________, J. Hennessey
CT Page 13994