KENNETH BOVE *v.* HOWARD W. BOVE ET AL.
(AC 22975)

Lavery, C. J., and Dranginis and Flynn, Js.

Argued March 31—officially released June 10, 2003

*Conrad Ost Seifert,* for the appellant (named defendant).

*John K. Harris, Jr.,* for the appellee (plaintiff).

FLYNN, J. The defendant Howard W. Bove appeals from the judgment of partition by sale rendered in favor of the plaintiff, Kenneth Bove, concerning two parcels of land with the improvements thereon located in Thompson and Putnam.[1] He maintains that (1) the court lacked jurisdiction to render a judgment of partition and (2) the court abused its discretion when it ordered partition by sale and denied the defendant's motion to open the judgment. We agree that the court lacked jurisdiction and remand the case with direction to open the judgment.

We first set forth the pertinent procedural history. The plaintiff, Kenneth Bove, commenced this action for partition or sale of two parcels of real estate against his brothers, Howard Bove and Douglas Bove. The plaintiff attempted to serve the defendant Howard Bove on September 21, 2000, with notice of the commencement of this action by an officer leaving a true and attested copy of the court summons and complaint at 35 Gilman Street, Putnam, which the serving officer described as the defendant's verified place of abode. No attachment was made by the plaintiff of the properties at issue.

On October 20, 2000, the defendant Howard Bove filed a limited appearance and moved to dismiss the action on the ground of "Adequacy of Service to Support Lack of Jurisdiction." He appended numerous supporting documents and an affidavit to his motion in which he stated that his "normal abode is 4280 South Atlantic Avenue, Daytona, Florida 32127" and in which he stated that he had been back to Connecticut on only four occasions.

---

[1] The plaintiff named Howard W. Bove and Douglas N. Bove as defendants in his complaint. Douglas Bove was defaulted for failure to plead, and he has not appealed from that ruling or the judgment which ultimately was rendered. In this opinion, therefore, we refer to Howard Bove as the defendant.

The plaintiff objected to the motion on the grounds that this was an action in rem and that the jurisdiction of the court did not depend on its having jurisdiction over the parties, citing *Harris* v. *Weed*, 89 Conn. 214, 93 A. 232 (1915). He further asserted that the defendant Howard Bove had actual notice "from the fact that he . . . filed a motion with [the trial court]." The court, in a memorandum of decision dated November 7, 2000, granted the defendant's motion to dismiss. It found, on the basis of "the movant's uncontested affidavit and sworn testimony" that the defendant did not live at 35 Gilman Street and that "as a result thereof, service was inadequate to acquire jurisdiction over the movant."

On November 15, 2000, after the action had been dismissed as to the defendant Howard Bove the plaintiff filed a motion for the court to find that Howard Bove had actual notice of the proceeding. The court granted the plaintiff's motion and found that Howard Bove did have actual notice of the pendency of this particular action.

A motion for default for failure to plead was then filed against Howard Bove and Douglas Bove, but the court granted it only as to Douglas Bove.

On March 14, 2001, the plaintiff moved for default against Howard Bove for failure to appear. That motion was granted by the court on November 5, 2001, despite the fact that the action against him had earlier been dismissed for lack of personal jurisdiction and there was no new service of a summons or publication of a notice requiring his appearance. The matter was then claimed for a hearing in damages, after which the court filed a memorandum of decision rendering its judgment that the land described in the complaint should be sold, which it determined would better promote the interest of the owners than partition.

The court, in its memorandum of decision dated February 11, 2002, noted that it had "dismissed the action as to Howard Bove on November 9, 2000." It further found that "Howard Bove did have actual notice of the pendency of the partition action." Quoting 1 Restatement (Second), Conflict of Laws § 59 (Sup. 1989) p. 62, the court concluded: "A state has power to exercise judicial jurisdiction to determine pre-existing interests in land in the state although a person owning or claiming these interests in the land is not personally subject to the judicial jurisdiction of the state." Therefore, the court concluded that it could partition the land even though the matter had been dismissed as to Howard Bove because this was an action in rem.

I

Before we turn to the substance of the defendant's claims, we set forth a brief discussion of the development of jurisdiction in actions in rem. We agree with the plaintiff that the present case falls within the traditional classification of an action in rem. We do not agree, however, that the mere fact that an action is in rem confers jurisdiction on the court to hear the matter.

"[A]n action in rem is an action brought to enforce or protect a pre-existing interest in particular property . . . ." (Internal quotation marks omitted.) *Hodge* v. *Hodge*, 178 Conn. 308, 313, 422 A.2d 280 (1979). In the present action, the plaintiff requested a partition of the two properties.

The traditional methods of obtaining jurisdiction were explained by the United States Supreme Court in *Pennoyer* v. *Neff*, 95 U.S. 714, 724, 24 L. Ed. 565 (1878), overruled, *Shaffer* v. *Heitner*, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977), where the court stated: "Where a party is within a territory, he may justly be subjected to its process, and bound personally by the judgment pronounced on such process against him.

Where he is not within such territory, and is not personally subject to its laws, if, on account of his supposed or actual property being within the territory, process by the local laws may, by attachment, go to compel his appearance, and for his default to appear judgment may be pronounced against him, such a judgment must, upon general principles, be deemed only to bind him to the extent of such property, and cannot have the effect of a conclusive judgment in personam, for the plain reason, that, except so far as the property is concerned, it is a judgment coram non judice."[2]

\* \* \*

"Jurisdiction is acquired in one of two modes: first, as against the person of the defendant by the service of process; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case, the defendant is not personally bound by the judgment beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be substantially a proceeding in rem." (Internal quotation marks omitted.)

Indeed, for approximately one century, the rule of jurisdiction remained that the mere presence of property within a state was sufficient to confer in rem jurisdiction on the courts of that state. This is the rule relied on by the plaintiff when, in his brief, he states that "[t]he nature of an action for partition of real estate is an action in rem, which does not require in personam jurisdiction over any defendant owner. *Harris* v. *Weed*, [supra, 89 Conn. 214]." It is true that such was the rule at the time that *Harris* was decided. However, since

---

[2] Black's Law Dictionary (6th Ed. 1990) defines coram non judice as "[i]n presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be coram non judice, and the judgment is void."

the United States Supreme Court's decision in *Shaffer* v. *Heitner*, 433 U.S. 186, 205–207, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977), there is no longer a presumption of jurisdiction in rem due to the mere presence of a defendant's property within the state.

The Supreme Court in *Shaffer* noted that "[t]he overwhelming majority of commentators have . . . rejected *Pennoyer*'s premise that a proceeding 'against' property is not a proceeding against the owners of that property. Accordingly, they urge that the 'traditional notions of fair play and substantial justice' that govern a State's power to adjudicate in personam should also govern its power to adjudicate personal rights to property located in the State." Id., 205. The Supreme Court agreed with the observations of judges and legal commentators, and it came to the conclusion that "[i]t is clear . . . that the law of state-court jurisdiction no longer stands securely on the foundation established in *Pennoyer*." Id., 206.

The Supreme Court then went on to extend the minimum-contacts standard of *International Shoe Co.* v. *Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), to actions which would be characterized as in rem. *Shaffer* v. *Heitner*, supra, 433 U.S. 207. "The case for applying to jurisdiction in rem the same test of 'fair play and substantial justice' as governs assertions of jurisdiction in personam is simple and straightforward. It is premised on recognition that '[t]he phrase, "judicial jurisdiction over a thing," is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing.' Restatement (Second) of Conflict of Laws § 56, Introductory Note (1971) . . . . This recognition leads to the conclusion that in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising 'jurisdiction over the interests of persons in a thing.' The standard for determining whether an exercise of jurisdiction over the

interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe*." *Shaffer* v. *Heitner*, supra, 207.

*Shaffer* v. *Heitner*, supra, 433 U.S. 186, clearly stands for the proposition that due process imposes the same burdens on a plaintiff whether an action be labeled in rem, quasi in rem or in personam. We acknowledge that the minimum-contacts test of *International Shoe Co.* v. *Washington*, supra, 326 U.S. 316–19, would almost certainly be satisfied in the present case. See *Shaffer* v. *Heitner*, supra, 207 ("when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction"). However, the fact that the property is located within Connecticut and may, thus, be subject to the jurisdiction of the courts of this state is not sufficient to provide the notice of a pending action required by the due process clause.

## II

We now turn to the question of whether the court could exercise jurisdiction over the defendant in the present case. "A challenge to the jurisdiction of the court presents a question of law . . . . Our review of the court's legal conclusion is, therefore, plenary." (Citation omitted.) *Pitruzello* v. *Muro*, 70 Conn. App. 309, 313, 798 A.2d 469 (2002).

We begin our analysis by noting that, despite the fact that the defendant Howard Bove had filed a limited appearance in this action and successfully had obtained a dismissal of the action brought against him, nonetheless a motion for failure to appear was filed against him. There had been no new order of notice against the defendant Howard Bove, nor had there been any renewed service of process against him. Practice Book § 17-20 (a) provides in relevant part that "[i]f no appear-

ance has been entered for any *party* to any action on or before the second day following the return day, any other party to the action may make a motion that a . . . default be entered for failure to appear." (Emphasis added.) The operation of this provision of the rules of practice presumes that the person a movant seeks to default for failure to appear has been summoned properly and has not appeared. Without a proper summons, a person is not a party to the action. Here, the record is clear that the defendant Howard Bove did appear and there was a judicial determination on his motion holding that he was served improperly by attempted abode service at a place other than his usual place of abode. The case against Howard Bove therefore was dismissed by the court and from this action the plaintiff took no appeal. Because there was no new order of notice or proper service of the mesne process on the defendant Howard Bove, we conclude that he could not have been defaulted for failure to appear because he had no legal obligation to appear once the action was dismissed against him. For the same reason there could be no hearing in damages after default where the default itself was entered improperly.

"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Citations omitted.) *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, 227 Conn. 175, 195–96, 629 A.2d 1116 (1993); see also *Brunswick* v. *Inland Wetlands Commission*, 222 Conn. 541, 550–51, 610 A.2d 1260 (1992) (defect in process implicates personal jurisdiction). The defendant was not served properly with process, and he filed a limited appearance specifically to contest the jurisdiction of the court on the basis of that faulty service of process. The plaintiff's argument

assumes that in actions in rem proper service of process is not required in order for the court to exercise jurisdiction. None of the cases cited by the plaintiff, however, supports this assumption.

In *White-Bowman Plumbing & Heating, Inc.* v. *Biafore*, 182 Conn. 14, 17, 437 A.2d 833 (1980), our Supreme Court stated: "In exercising quasi in rem jurisdiction the court is adjudicating the rights of persons in respect to specific property. *Shaffer* v. *Heitner*, [supra, 433 U.S. 207]. It is essential, therefore, that reasonable notice be given and that an opportunity to participate in the proceeding be afforded to the persons whose rights may be affected. *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950)." See also *Hyde* v. *Richard*, 145 Conn. 24, 25, 138 A.2d 527 (1958) ("[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction").

An attempt to serve a person affected improperly by making abode service at a place where that party does not reside, which then results in dismissal of the action against that individual, will not suffice to give actual or constructive notice. See *White-Bowman Plumbing & Heating, Inc.* v. *Biafore*, supra, 182 Conn. 17; *Hyde* v. *Richard*, supra, 145 Conn. 25. Despite the fact that the plaintiff did not serve a new summons and complaint on the defendant after dismissal of the improperly served complaint, the plaintiff nonetheless urged the court to find that the defendant Howard Bove had received actual notice of the lawsuit. The plaintiff did so on the basis that if the defendant Howard Bove had not had actual notice of the action's commencement, he would not have known enough to seek dismissal of it because of improper service. The court granted the plaintiff's motion and found that the defendant had actual notice of the pendency of the action.

The *Shaffer* court dealt with an attempt to get jurisdiction over a nonresident defendant by a seizure of the nonresident's property within the state, which property was unrelated to the litigation. Here, the property is the subject of the litigation. Nonetheless, it seems to us that *Shaffer's* guiding principles should remain the same, namely, that the same due process requirements must be observed whether an action is denominated in rem, quasi in rem or in personam. We conclude that "traditional notions of fair play and substantial justice" are offended when the jurisdiction of the court to render a judgment of partition by sale derives from an "actual notice" attributed to improperly served process which resulted in dismissal of the action against that very defendant.

*Pennoyer* v. *Neff*, supra, 95 U.S. 714, addressed the service of process required at that time in actions in rem. "Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act." Id., 727. Even if the plaintiff attempted to rely on the due process requirements for actions in rem as set forth in *Pennoyer*, he failed to make service by publication or in any other authorized form, and he failed to attach the property at any point.[3]

---

[3] We note that our Supreme Court attempted to extend the reasoning of *Pennoyer* v. *Neff*, supra, 95 U.S. 727, as to the notice required for actions in rem in *Mendrochowicz* v. *Wolfe*, 139 Conn. 506, 95 A.2d 260 (1953), where the court stated: "The crux of the matter is that the jurisdiction of the court rests upon the fact that it has jurisdiction of the res and that jurisdiction does not depend either upon the personal service of the defendant within this state or upon an attachment of his property." Id., 511. Given our conclusion that *Shaffer* v. *Heitner*, supra, 433 U.S. 186, which was decided twenty-four years after *Mendrochowicz*, mandates the same considerations of due process regardless of an action being in rem, quasi in rem or in personam, we need not attempt to reconcile the apparent contradiction between *Mendrochowicz* and *Pennoyer*.

There is a "basic protection against 'judgments without notice' afforded by the Due Process Clause" of the constitution of the United States. *BMW of North America, Inc.* v. *Gore*, 517 U.S. 559, 574 n.22, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996). The notice contemplated is that set forth in the rules of procedure and statutory framework governing the commencement of actions. Service may be made within the state in any civil action "by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." General Statutes § 52-57 (a); see also Practice Book § 8-1. If the defendant is outside the state, the proper manner to effect service is to apply for an order of notice specifying the kind of proper notice which is most likely to come to the defendant's attention.

Both the plaintiff and the court excuse the noncompliance with due process notice requirements on grounds that the action is in rem or quasi in rem. The United States Supreme Court, in *Shaffer*, rejected a lesser form of due process for actions denominated in rem when it stated: "The fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property supports an ancient form without substantial modern justification. Its continued acceptance would serve only to allow state-court jurisdiction that is fundamentally unfair to the defendant." *Shaffer* v. *Heitner*, supra, 433 U.S. 212; see also *Burnham* v. *Superior Court of California*, 495 U.S. 604, 619, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990).

In *Samrov* v. *Samrov*, 6 Conn. App. 591, 594, 506 A.2d 1077 (1986), where the defendant, who lived outside the state of Connecticut, challenged the effect of a judgment of strict foreclosure of a judgment lien against him, on the basis that there was neither in personam nor quasi in rem jurisdiction over him, we held: "In order that a valid judgment may be rendered against a

nonresident upon whom it is claimed that constructive service has been made, [General Statutes] § 52-284[4] must be strictly observed and the facts showing compliance with it must appear of record." (Internal quotation marks omitted.)

Section 52-284 authorizes an attachment of the estate of a nonresident and an order of notice to give notice to the out-of-state resident affected by the attachment. The plaintiff did not comply with the mandates of § 52-284 as to the defendant Howard Bove at any point.

The defendant was entitled, pursuant to Practice Book §§ 10-30 and 10-31, to move to dismiss the action against him on the basis of a lack of personal jurisdiction and insufficiency of service of process. The defendant appropriately filed a limited appearance merely to contest the court's exercise of jurisdiction over his interest in the land. Given the fact that the defendant proved that the plaintiff had not served him properly,

---

[4] General Statutes § 52-284 provides: "When the defendant is not a resident or inhabitant of this state and has estate within the same which has been attached, a copy of the process and complaint, with a return describing the estate attached, shall be left by the officer with the agent or attorney of the defendant in this state if known; and when land is attached, a like copy shall be left in the office of the town clerk of the town where the land lies. In addition, the court to which such action is returnable, or any judge, clerk or assistant clerk thereof shall make such order of notice to the defendant as is deemed reasonable to apprise him of the institution or pendency of such complaint and attachment. Such notice, having been given and proved, shall be deemed sufficient service of process in such action, and such attachment shall thereupon become effective against such estate and the defendant in such action."

In the present case, when the defendant's correct out-of-state address became known to the plaintiff by the defendant's motion to dismiss and accompanying affidavit, the appropriate order of notice would include a copy of the summons and complaint being mailed to the defendant's Florida residence. See *Schroeder* v. *City of New York*, 371 U.S. 208, 212–13, 83 S. Ct. 279, 9 L. Ed. 2d 255 (1962) ("notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question").

the court granted the motion to dismiss. The plaintiff failed to commence the action properly, and the defendant chose not to waive the inadequate service of process. The court, therefore, did not have jurisdiction over the defendant or his interests in the properties. See *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, supra, 227 Conn. 195–96.

The court, however, in its memorandum of decision determined that "a partition by sale would better promote the interests of the owners. The evidence shows that a partition in kind would be impractical." The defendant then moved to open the judgment on the grounds of lack of notice and violation of due process. At oral argument on that motion, the defendant, in summarizing the effect of a dismissal, stated, "I maintain that when you disconnected me, you're telling me I don't have to be here." Indeed, that was the effect of the court's granting the defendant's motion to dismiss. The defendant argued that he should have been given the opportunity to cross-examine the plaintiff's witnesses and to present his own evidence. In the present case, where he never had this opportunity, the court should have granted the defendant's motion to open. "The court does have inherent authority . . . at any time to open and modify a judgment rendered without jurisdiction." (Internal quotation marks omitted.) *General Motors Acceptance Corp.* v. *Pumphrey*, 13 Conn. App. 223, 229, 535 A.2d 396 (1988).[5]

The judgment is reversed and the case is remanded with direction to open the judgment and for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[5] We note that *Pumphrey* also involved a challenge to the court's jurisdiction due to a lack of statutorily required service of process. *General Motors Acceptance Corp.* v. *Pumphrey*, supra, 13 Conn. App. 228.