WESTERN BOOT AND CLOTHING COMPANY, INC. *v.*
L'ENFANCE MAGIQUE, INC.
(AC 23771)

Dranginis, DiPentima and Dupont, Js.

Argued November 20, 2003—officially released February 10, 2004

*David M. Wallman*, for the appellant (defendant).

*Abram Heisler*, for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. In this summary process action, the defendant, L'Enfance Magique, Inc., appeals from the judgment of the trial court, denying its motion to open the default judgment rendered against it for failure to appear in a timely manner. On appeal, the defendant claims that the court lacked subject matter jurisdiction because the plaintiff had no standing to bring the action, as (1) it is not an owner or lessor pursuant to General Statutes § 47a-23 and (2) it is a stranger to the proceedings.[1] We affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. In April, 1995, the defendant entered into a sublease with Western Boot and Clothing Company of Greenwich, Inc., the plaintiff,[2] for certain premises

---

[1] The defendant has not claimed that the court abused its discretion in denying the motion to open the judgment.

[2] The nomenclature of the plaintiff is addressed in part II.

located in Greenwich, which the plaintiff leased from the landlord under a "master lease" that was referenced in the parties' sublease. On July 17, 2002, the plaintiff sent the defendant a notice to quit the premises for nonpayment of rent and thereafter commenced this summary process action. The defendant failed to appear. On August 23, 2002, the court granted the plaintiff's motion for default and rendered judgment of possession in the plaintiff's favor. On August 28, 2002, the defendant filed an appearance and a motion to open the default judgment.

On September 10, 2002, the parties entered into a stipulated agreement, in part, that the motion to open the judgment would be continued until October 1, 2002. The parties entered into another stipulation, agreeing that the motion to open the judgment would be continued until December 19, 2002, and that the defendant would make certain payments by December 10, 2002. The defendant failed to make the required payments, and the plaintiff filed an affidavit of noncompliance. Following a hearing, the court sustained the affidavit of noncompliance, denied the motion to open the judgment and rendered summary execution. The defendant appealed, and this court stayed the execution of the judgment while the appeal was pending.[3]

It is well known that "because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999). A court does not have subject matter jurisdiction to hear a matter unless the plaintiff has standing to bring the action.

---

[3] Although the term of the lease expired during the pendency of this appeal, the defendant remains in possession of the premises. The appeal, therefore, is not moot. Compare *Castle Apartments, Inc.* v. *Pichette*, 34 Conn. App. 531, 533, 642 A.2d 57 (1994); *Evergreen Manor Associates* v. *Farrell*, 9 Conn. App. 77, 78, 515 A.2d 1081 (1986).

*Ganim* v. *Smith & Wesson Corp.*, 258 Conn. 313, 347, 780 A.2d 98 (2001). "In order for a party to have standing to invoke the jurisdiction of the court, that party must be aggrieved. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit [in other words, statutorily aggrieved] or is classically aggrieved." (Internal quotation marks omitted.) *Edgewood Village, Inc.* v. *Housing Authority*, 265 Conn. 280, 288, 828 A.2d 52 (2003).

I

The defendant's first claim is that the court lacked subject matter jurisdiction because the plaintiff, as a sublessor, may not avail itself of § 47a-23. Specifically, the defendant argues that the plaintiff, by definition, is not an owner or lessor. See General Statutes §§ 47a-23 and 47a-1. We disagree.

General Statutes § 47a-23 (a) provides in relevant part: "When the *owner* or *lessor*, or the *owner's* or *lessor's* legal representative . . . desires to obtain possession . . . of any land or building . . . (1) when a . . . lease of such property . . . terminates for . . . (E) nonpayment of rent when due for commercial property . . . such *owner* or *lessor*, or such *owner's* or *lessor's* legal representative . . . shall give notice to each lessee . . . to quit possession . . . ." (Emphasis added.) General Statutes § 47a-1 (e) provides in relevant part: " 'Owner' means one or more persons, jointly or severally, in whom is vested . . . (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises . . . ." The defendant argues that because § 47a-23 permits an owner or lessor to issue a notice to quit and the statutory definition

of owner does not include a sublessor, the plaintiff lacks standing.

"Summary process is a special statutory procedure designed to provide an expeditious remedy." *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.*, 149 Conn. 149, 154, 176 A.2d 574 (1961) (applied to commercial sublease). It enables a landlord to obtain possession of leased premises without the delay associated with common-law actions. *Atlantic Refining Co.* v. *O'Keefe*, 131 Conn. 528, 530, 41 A.2d 109 (1945). Although our Supreme Court has stated that summary process statutes must be narrowly construed; *Young* v. *Young*, 249 Conn. 482, 488, 733 A.2d 835 (1999); we are mindful of the rules of statutory construction, particularly those that admonish us to avoid reaching an absurd result; see *Tappin* v. *Homecomings Financial Network, Inc.*, 265 Conn. 741, 758–59, 830 A.2d 711 (2003); and that the legislative scheme must be read "as a whole in order to give effect to and harmonize all of the parts." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 216 Conn. 627, 636, 583 A.2d 906 (1990). The overarching objective of statutory construction is to give effect to the legislative intent. See *Johnson* v. *Mazza*, 80 Conn. App. 155, 159, 834 A.2d 725 (2003).

Judges, like jurors, do not leave their common sense at the courthouse door. We take judicial notice that subleases are common in the world of commercial real estate. We do not believe that our legislature intended to give an owner and lessor, but not a sublessor, an expeditious means of obtaining possession of the premises from a commercial tenant for nonpayment of rent.

The defendant's argument is misplaced further, as it overlooks subdivision (2) of § 47a-1 (e), which provides in part that an owner is one who has a beneficial interest in the premises and the right to possession. A lease is

a contract under which an exclusive possessory interest in property is conveyed.[4] See *Monarch Accounting Supplies, Inc.* v. *Prezioso*, 170 Conn. 659, 663–64, 368 A.2d 6 (1976). By virtue of its master lease with the landlord, the plaintiff had a beneficial interest in the premises.

For the foregoing reasons, we conclude that the plaintiff had standing to bring its summary process action against the defendant.

II

The defendant's second claim is that the plaintiff had no standing to institute this action because it is a stranger to the proceeding. The claim lacks merit.

The following facts are relevant to our resolution of the defendant's claim. The name of the plaintiff as it appears on the writ of summons and complaint is The Western Boot and Clothing Company, Inc. The name of the sublessor as it appears on the sublease is The Western Boot and Clothing Company of Greenwich, Inc. The notice to quit was issued by The Western Boot and Clothing Company of Greenwich, Inc. The defendant argues that because the name of the entity that issued the notice to quit is different from the plaintiff as identified on the writ of summons and complaint, the plaintiff has no standing to bring the action. The discrepancy, however, is a mere circumstantial defect and cannot defeat the plaintiff's cause of action.

"No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, sus-

---

[4] The defendant's argument ignores the terms of the sublease into which it entered. Paragraph ten of the sublease states in relevant part: "This Sublease is and shall be subject and subordinate to the Master Lease. The provisions of the Master Lease are incorporated in this Sublease with the same force and effect as if such terms, covenants and conditions were set forth herein in full, provided that whenever the words 'Landlord', 'Tenant' and 'Premises' appear in the Master Lease, they shall be construed to mean 'Sublessor', 'Sublessee' and 'Subleased Premises', respectively, in this Sublease. . . ."

pended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." General Statutes § 52-123. Section 52-123 is a remedial statute and therefore "must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995). Our Supreme Court has explained that "§ 52-123 replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer . . . in an original writ, summons or complaint." Id., 396–97. When a misnomer does not result in prejudice to a party, the defect in the writ is circumstantial error. Id., 400–401.

The defendant has raised its claim for the first time on appeal. Because the claim implicates the plaintiff's standing and, therefore, the court's jurisdiction, it may be raised at any time. *Connecticut Coalition Against Millstone* v. *Rocque*, 267 Conn. 116, 127–28, 836 A.2d 414 (2003). The facts before us demonstrate, however, that the defendant was not prejudiced by the misnomer. It was not confused about the identity of the plaintiff and, in fact, it negotiated several stipulations with the plaintiff as a precondition to opening the default judgment.

The judgment is affirmed.

In this opinion the other judges concurred.