ROCK RIMMON GRANGE # 142, INC. *v.* THE BIBLE SPEAKS MINISTRIES, INC.
(AC 26061)

Schaller, Gruendel and Mihalakos, Js.

Argued September 26—officially released November 29, 2005

*Dean R. Singewald,* for the appellant (defendant).

*Timothy J. Lee,* for the appellee (substitute plaintiff).

*Opinion*

GRUENDEL, J. This case involves a summary process action by the substituted plaintiff, the town of Beacon Falls (town),[1] against the defendant, The Bible Speaks Ministries, Inc. The defendant appeals from the trial court's judgment for immediate possession in favor of the town. The defendant claims that the court did not have jurisdiction over the action because (1) the plaintiff named on the notice to quit and the writ of summons and complaint was not the corporate owner of the property at issue, (2) the defendant named on the notice to quit and the writ of summons and complaint was not the party mandated to be served by statute, and (3) service of the writ of summons and complaint was insufficient. We disagree and affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. Prior to April, 2001, Rock Rimmon Grange # 142, Inc. (grange), was the owner of the property at 79

---

[1] During the pendency of this action, the town acquired title to the property at issue from the named plaintiff, Rock Rimmon Grange # 142, Inc. The town thereafter was substituted as the plaintiff.

Old Turnpike Road in Beacon Falls. The defendant took possession of the property pursuant to the terms and conditions set forth in a lease dated April 25, 2001. On or about July 24, 2003, the grange served the defendant with a notice to quit at 79 Old Turnpike Road, citing lapse of time and ordering the defendant to quit possession on or before August 1, 2003. The defendant did not comply with the notice to quit. Thereafter, on February 4, 2002, the grange commenced a summary process action against the defendant. Service of the summons and complaint was made by leaving process at the home of the mother of the defendant's corporate officer, Reverend Walter R. Oliver, at 35 Glen Road in New Haven. On April 15, 2004, the grange transferred title of the property to the town, which was substituted as the plaintiff in the summary process action.

During the course of the litigation, the defendant raised two special defenses to the summary process action and filed six motions to dismiss, all of which were denied by the court. With some variation, each motion to dismiss and special defense challenged the validity of the notice to quit and the validity and service of the writ of summons and complaint instituting this action. On November 24, 2004, the court rendered judgment for immediate possession in favor of the town.

The defendant now appeals from the judgment in favor of the town. Specifically, the defendant challenges the court's denial of the final three motions to dismiss and the special defenses.[2] Because each motion to dismiss and special defense raised by the defendant questions the court's jurisdiction, we apply the same

---

[2] The first two motions to dismiss were brought by "The Bible Speaks Ministries." The third motion to dismiss and the special defenses were raised by "The Bible Speaks Ministries, Inc." That distinction does not change our decision, as discussed herein. Prior to trial, the parties filed a joint stipulation of facts in which they agreed that the name, "The Bible Speaks Ministries," refers to the legal entity, "The Bible Speaks Ministries, Inc."

standard of review to each. "A challenge to the jurisdiction of the court presents a question of law. . . . Our review of the court's legal conclusion is, therefore, plenary." (Internal quotation marks omitted.) *Foster* v. *Smith*, 91 Conn. App. 528, 536, 881 A.2d 497 (2005).

I

We first address the defendant's claims that the notice to quit was defective for failure to state the proper corporate names of the grange and the defendant. "[B]ecause a valid notice to quit is a condition precedent to instituting a summary process action [it implicates the court's] . . . subject matter jurisdiction over the plaintiff's summary process action." *HUD/Willow Street Apartments* v. *Gonzalez*, 68 Conn. App. 638, 654, 792 A.2d 165 (2002). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." (Citation omitted; internal quotation marks omitted.) *Connor* v. *Statewide Grievance Committee*, 260 Conn. 435, 442–43, 797 A.2d 1081 (2002). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage of the proceedings." (Internal quotation marks omitted.) *Brunswick* v. *Inland Wetlands Commission*, 222 Conn. 541, 549, 610 A.2d 1260 (1992).

"Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enables a landlord to obtain possession of leased premises without the delay associated with common-law actions." (Citation omitted; internal quotation marks omitted.) *Western Boot & Clothing Co.* v. *L'Enfance Magique, Inc.*, 81 Conn. App. 486, 490, 840 A.2d 574, cert. denied, 269 Conn. 903, 852 A.2d 737 (2004). General Statutes § 47a-23 (c), which governs summary process

for this premises, requires that the notice to quit be delivered to the place of the commercial establishment.[3] It is undisputed that the notice to quit was served by the grange on the defendant on July 24, 2003, at the leased premises. The defendant challenges the sufficiency of that notice only insofar as the tenant and the landlord named on the notice were not the correct corporate entities. We do not find that argument persuasive.

"Our Supreme Court has explained that [General Statutes] § 52-123[4] replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer . . . in an original writ, summons, or complaint. . . . When a misnomer does not result in prejudice to a party, the defect in the writ is circumstantial error." (Citation omitted; internal quotation marks omitted.) *Western Boot & Clothing Co.* v. *L'Enfance Magique, Inc.*, supra, 81 Conn. App. 492. "When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew [it] was the intended defendant. This is in contradistinction to the case in which the plaintiff has misconstrued the identity of the defendant and has therefore named and served the wrong party. The issue, then, is whether a misnomer is a designation of the

[3] General Statutes § 47a-23 (c) provides in relevant part: "A copy of such notice [to quit] shall be delivered to each lessee or occupant or left at such lessee's or occupant's place of residence or, if the rental agreement or lease concerns commercial property, at the place of the commercial establishment by a proper officer or indifferent person. . . ."

[4] General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

right party in a way which may be inaccurate but which is still sufficient for identification purposes or whether the wrong person has been designated as a party." (Internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 350, 636 A.2d 808 (1994). When the plaintiff's mistake in naming the party to be sued is not as to the entity itself, but rather as to the type of entity that party is, a correction may be made by amendment and does not require the substitution of a new party. *Ducey* v. *Walsh Construction Co.*, 6 Conn. App. 256, 259, 504 A.2d 565 (1986). Failing to include the corporate designation of the parties on the notice to quit is such a circumstantial error. As the statutory requirements for summary process were met and the defendant was aware that it was the intended party, the court has not been deprived of subject matter jurisdiction.

## II

We next address the defendant's claims that the writ of summons and complaint served on the defendant were defective because they did not include the corporate designations of the grange and the defendant and that service of process was defective because it was made at an improper location. We disagree.

"A defect in process . . . such as an improperly executed writ, implicates personal jurisdiction, rather than subject matter jurisdiction." *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 31, 848 A.2d 418 (2004). The defendant's claims concerning service of the summons and complaint implicate personal, rather than subject matter, jurisdiction. "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise

of personal jurisdiction. . . . Accordingly, jurisdiction over a person can be obtained by waiver. . . . Unlike the situation with subject matter jurisdiction, a party waives the right to dispute personal jurisdiction unless that party files a motion to dismiss within thirty days of the filing of an appearance. . . . Personal jurisdiction is not like subject matter jurisdiction, which can be raised at any time and by the court on its own motion. . . . Unless the issue of personal jurisdiction is raised by a timely motion to dismiss, any challenge to the court's personal jurisdiction over the defendant is lost." (Citations omitted; internal quotation marks omitted.) *Foster* v. *Smith*, supra, 91 Conn. App. 536–37; see also Practice Book § 10-32;[5] Practice Book § 10-30.[6] Counsel for the defendant entered his appearance on February 18, 2004. The subject motions to dismiss challenging the court's personal jurisdiction were not filed until June 21, and November 12 and 24, 2004. Each of those dates is beyond the thirty day window permitted for challenging the court's personal jurisdiction.[7] The defendant thus waived its right to challenge the court's personal jurisdiction by failing to file a motion to dismiss within thirty days after filing an appearance.

The judgment is affirmed. ·

In this opinion the other judges concurred.

---

[5] Practice Book § 10-32 provides in relevant part: "Any claim of lack of jurisdiction over the person or . . . insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30."

[6] Practice Book § 10-30 provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ."

[7] Moreover, we conclude that the misnomer on the writ of summons and complaint does not deny the court jurisdiction for the same reasons set forth previously.