# HALE C. SARGENT, ADMINISTRATOR (ESTATE OF MICHAEL D. KEILTY) *v.* CAPITAL AIRLINES, INC., ET AL. (AC 26766)

Bishop, Gruendel and Foti, Js.

Argued March 20—officially released July 4, 2006

*Hale C. Sargent,* pro se, with whom was *Daniel E. Jacobs,* for the appellant (plaintiff).

*Robert L. Chase,* for the appellees (defendants).

*Opinion*

FOTI, J. The plaintiff, Hale C. Sargent, administrator of the estate of Michael D. Keilty, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendants, Capital Airlines, Inc. (Capital Airlines), and Kathie Leonzi, administratrix of the estate of Milton F. Marshall. On appeal, the plaintiff claims that the court improperly concluded that it lacked personal jurisdiction over the defendants as a result of the plaintiff's failure to sign the writ of summons accompanying his complaint. We reverse the judgment of the trial court.

On July 10, 2004, Keilty was the sole passenger in a single engine aircraft operated by Capital Airlines and piloted by Marshall. The aircraft crashed in Ticonderoga, New York, killing Keilty and Marshall. The plaintiff, an attorney, then filed a complaint against the defendants, alleging that Capital Airlines and Marshall negligently had caused the crash.

Daniel E. Jacobs, an attorney in the plaintiff's office, prepared the writ of summons and complaint. Jacobs used the standard Form 103.1 (JD-CV-1), the civil summons form. That form contains the following language directing service: "TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint." The form also contains spaces for the date, the signature of the commissioner of the Superior Court or assistant clerk who completes the form, the typed name of the person signing the form and a choice of one of two identification boxes to check, one for commissioners of the Superior

Court and one for assistant clerks. Although Jacobs properly dated the form, typed his name as the person signing the form and checked the box identifying himself as a commissioner of the Superior Court, he failed to sign the form. The form also contains spaces in which to note the existence of a bond for prosecution, or a recognizance, pursuant to General Statutes § 52-185. Jacobs properly completed the recognizance and signed his name as the official taking recognizance. The last page of the attached complaint contained the following language: "OF THIS WRIT, with your doings thereon, make due service and return." Jacobs' signature and the date appeared below that language.

The plaintiff served his writ of summons and complaint on the defendants on February 16 and 17, 2005, and filed the complaint on March 8, 2005. The return date for the complaint was March 15, 2005. On March 21, 2005, the defendants filed a motion to dismiss for lack of personal jurisdiction because Jacobs had not signed the civil summons form. Jacobs then completed an amended civil summons form, signed it properly, mailed it with the plaintiff's complaint to the defendants' attorney, and filed the amended writ of summons and complaint on March 30, 2005. After a hearing, the court determined that the absence of Jacobs' signature on the original civil summons form deprived it of personal jurisdiction over the defendants, and therefore the court granted the motion to dismiss on July 1, 2005. The plaintiff then filed this appeal.

"A challenge to the jurisdiction of the court presents a question of law. . . . Our review of the court's legal conclusion is, therefore, plenary. . . . [T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of

personal jurisdiction." (Citation omitted; internal quotation marks omitted.) *Foster* v. *Smith*, 91 Conn. App. 528, 536, 881 A.2d 497 (2005).

General Statutes § 52-45a provides in relevant part: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ . . . shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable." See also Practice Book § 8-1.

The standard civil summons form that Jacobs used plainly requires two signatures, one for the writ of summons and one for the recognizance. The failure to affix two signatures on the form renders the writ defective. General Statutes § 52-123 provides, however, that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." Section 52-123 "is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." (Internal quotation marks omitted.) *Hillman* v. *Greenwich*, 217 Conn. 520, 527, 587 A.2d 99 (1991). "It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of [his] complaint for mere circumstantial defects. . . . Indeed, § 52-123 . . . protects against just such consequences, by providing that no proceeding shall be abated for circumstantial errors so long as there is sufficient notice to the parties. . . . It is our expressed policy preference to bring about a trial on the merits

of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Citation omitted; internal quotation marks omitted.) *Boyles* v. *Preston,* 68 Conn. App. 596, 603, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853 (2002).

We conclude that Jacobs' failure to sign the civil summons form in the proper space constituted a circumstantial defect and consequently did not deprive the court of personal jurisdiction over the defendants. Our Supreme Court has explained that "[a]lthough the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." (Citation omitted.) *Hillman* v. *Greenwich,* supra, 217 Conn. 526. Accordingly, we examine the plaintiff's complaint in the present case. The complaint contained the following direction to the process server immediately preceding Jacobs' signature and the date: "OF THIS WRIT, with your doings thereon, make due service and return." That language is similar to the relevant portion of the language given in General Statutes § 52-45b (1) concerning the form of summons: "Of this writ with your actions thereon make due return. . . ." Jacobs' inclusion of a sufficient direction to the process server in the plaintiff's complaint immediately preceding his signature and the date gave the process server the necessary authority to serve the defendants. Under those circumstances,

the absence of Jacobs' signature in the proper space on the civil summons form was a defect in the text of the writ, not an irregularity in the service of process.[1]

It also bears noting that the present case is clearly distinguishable from cases involving fatal defects. For example, in *Raynor* v. *Hickock Realty Corp.*, 61 Conn. App. 234, 240–42, 763 A.2d 54 (2000), the plaintiff failed to sign both her writ of summons and complaint. In *Hillman* v. *Greenwich*, supra, 217 Conn. 525, the plaintiff failed to include a writ of summons with his complaint, which itself was "totally lacking in any direction to the proper officer for service or a command to summon the defendant to appear in court." In *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, 148 Conn. 336, 338, 170 A.2d 732 (1961), the plaintiff's complaint did not include a citation, which is used to commence an administrative appeal and is analogous to the writ of summons used to commence a civil action. Here, by contrast, the absence of Jacobs' signature on the civil summons form was a circumstantial defect because Jacobs directed the process server in the complaint to serve the defendants. The court therefore possessed personal jurisdiction over them.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[1] It is also significant that Jacobs completed an amended civil summons form, signed it properly and mailed it with the plaintiff's complaint to the defendants' attorney within thirty days of the return date. General Statutes § 52-128 provides in relevant part that "[t]he plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition . . . without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court . . . ." In granting the defendants' motion to dismiss, however, the court appears not to have considered the amended writ of summons and complaint. Because we determine that Jacobs' inclusion of a sufficient direction to the process server in the plaintiff's complaint constitutes an adequate ground on which to reverse the court's judgment, we need not reach the issue of whether the amended writ of summons and complaint cured the defect in the original civil summons form.