******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PAUL LAIUPPA *v.* MARY MORITZ
(AC 44506)

Elgo, Cradle and Flynn, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant as a result of
a motor vehicle collision that allegedly was caused by the defendant's
negligence. The plaintiff had sought to commence a previous action
against the defendant prior to the expiration of the two year statute of
limitations (§ 52-584) applicable to negligence actions. After a state
marshal left a copy of the writ of summons and complaint at the defen-
dant's last known address on file with the Department of Motor Vehicles,
the plaintiff's counsel sent a copy of the summons and complaint to the
defendant's insurance company, and the defendant's counsel, who had
been appointed by the insurance company, thereafter filed an appear-
ance and certain discovery motions on the defendant's behalf. The defen-
dant subsequently filed a motion to dismiss the plaintiff's action, which
was accompanied by an affidavit from V, her attorney-in-fact, who
averred that, prior to the time the marshal attempted abode service at
the defendant's last known address, the defendant's property at that
address had been sold and the defendant had relocated to Rhode Island.
V further averred that she first learned of the action through a reservation
of rights letter that was sent to her by the defendant's insurance carrier
several weeks after the marshal attempted abode service. The trial court
granted the motion to dismiss and dismissed the action for lack of
personal jurisdiction over the defendant due to insufficient service of
process. After the plaintiff commenced the second action, which he
claimed was saved by the accidental failure of suit statute (§ 52-592),
the defendant filed a motion for summary judgment, alleging that the
court lacked subject matter jurisdiction on the ground that § 52-592 was
inapplicable because the original action had not been commenced within
the two year limitation period set forth in § 52-584. The court denied
the defendant's motion for summary judgment, concluding that a genuine
issue of material fact existed as to whether the prior action was com-
menced within the statutory time period. The court reasoned that,
although the defendant was not properly served, V was on notice of the
prior action because she received the reservation of rights letter before
the statute of limitations expired. In a motion to reargue, the defendant
contended, inter alia, that the court had failed to consider the uncontro-
verted averments set forth in a supplemental affidavit V had provided
that clarified that she had not been provided with a copy of the summons
and complaint until two days after the statute of limitations period
expired. The court granted both the motion to reargue and the defen-
dant's motion for summary judgment, concluding that it had overlooked
V's supplemental affidavit when it initially denied the summary judgment
motion and that the undisputed facts supported the defendant's claim
that neither she nor V had received effective, timely notice of the prior
action. On appeal to this court, the plaintiff claimed, inter alia, that the
court improperly concluded that § 52-592 did not operate to save his
action because a genuine issue of material fact existed as to whether
the prior action was timely commenced under § 52-592. *Held*:

1. The trial court properly determined that § 52-592 was inapplicable and
   could not save the plaintiff's action, as no genuine issue of material fact
   existed as to whether the defendant received actual or effective notice
   of the prior action within the time limited by law: the plaintiff's con-
   tention that it was of no consequence that the defendant did not have
   notice of the original action until after the statute of limitations expired
   could not be reconciled with the requirement of *Rocco* v. *Garrison* (268
   Conn. 541), *Dorry* v. *Garden* (313 Conn. 516) and *Kinity* v. *US Bancorp*
   (212 Conn. App. 791) that a defendant have actual or effective notice
   of the action by way of receipt of the summons and complaint within
   the time limited by law so as to bring the action within the confines of
   § 52-592, as it was undisputed that the defendant herself never received
   the summons and complaint in the prior action, and, as V stated in her

affidavits, the plaintiff never provided V with the summons and complaint until the attorney for the defendant's insurance company emailed them to her two days after the statute of limitations expired; moreover, the filing of an appearance and discovery motions by counsel appointed by the defendant's insurance company, and V's awareness of the prior action, prior to the expiration of the limitation period, by way of the reservation of rights letter, which did not include a copy of the summons and complaint, did not provide the defendant with actual or effective notice of the plaintiff's action, as nothing in the reservation of rights letter communicated to her the identity of the party bringing the action against her or the gravamen of the complaint; furthermore, neither the defendant's insurance company nor its appointed counsel were agents of the defendant for the purpose of receiving service of process such that notice to them could be imputed to the defendant, as the plaintiff failed to provide any authority to support that contention, which was improper under both the statute (§ 52-57) governing service of process on individuals and the statute (§ 52-62) permitting service of process on the Commissioner of Motor Vehicles.

2. The plaintiff could not prevail on his claim that the trial court abused its discretion in granting the defendant's motion to reargue because the court failed to identify a legitimate ground for reargument: although the plaintiff contended that the court could not have misapprehended the facts concerning V's receipt of the summons and complaint because it was in possession of her supplemental affidavit prior to denying the defendant's motion for summary judgment, this court interpreted the trial court's admission that it overlooked V's supplemental affidavit to mean that it initially misapprehended the legal significance of V's statement that she did not receive a copy of the summons and complaint until after the statute of limitations expired, as the court was aware of the facts alleged in the supplemental affidavit when it denied the motion for summary judgment but only upon reconsideration did it appreciate the import of her uncontroverted averments and correctly determine that they were dispositive of the legal question of whether V had received actual or effective notice of the prior action within the time limited by law, as required by § 52-592.

(*One judge concurring separately*)

Argued February 7—officially released November 1, 2022

*Procedural History*

Action to recover damages for the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Hon. A. Susan Peck*, judge trial referee, denied the defendant's motion for summary judgment; thereafter, the court granted the defendant's motion for reargument; subsequently, the court, *Hon. A. Susan Peck*, judge trial referee, vacated its denial of the defendant's motion for summary judgment, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court; thereafter, the court, *Hon. A. Susan Peck*, judge trial referee, denied the defendant's motion to dismiss. *Affirmed.*

*John L. Bonee III*, with whom were *Jesse A. Mangiardi* and, on the brief, *Eric H. Rothauser* and *Jay B. Weintraub*, for the appellant (plaintiff).

*Bridget M. Ciarlo*, for the appellee (defendant).

*Opinion*

ELGO, J. In this motor vehicle negligence action, the plaintiff, Paul Laiuppa, appeals from the summary judgment rendered by the trial court in favor of the defendant, Mary Moritz. On appeal, the plaintiff claims that the court (1) improperly determined that no genuine issue of material fact existed as to the applicability of the accidental failure of suit statute, General Statutes § 52-592, and (2) abused its discretion in granting the defendant's motion to reargue. We affirm the judgment of the trial court.

The record, viewed in a light most favorable to the plaintiff; see *Martinelli* v. *Fusi*, 290 Conn. 347, 350, 963 A.2d 640 (2009); reveals the following facts and procedural history. On June 21, 2016, the parties were involved in a motor vehicle collision allegedly caused by the defendant's negligence. The defendant at that time presented the investigating police officer with her driver's license and motor vehicle registration, both of which listed 168 Turkey Hills Road in East Granby (property) as her address. For eighteen months following that accident, the defendant continued to reside at the property. It is undisputed that she relocated to a nursing home facility in Windsor in December, 2017, and ceased being a Connecticut resident in January, 2018.

In June, 2018, the plaintiff sought to commence a civil action against the defendant (first action). On June 14, 2018, the plaintiff's counsel delivered the writ of summons and complaint to a Connecticut state marshal with direction to serve the defendant at the property. The plaintiff's counsel also notified the defendant's insurance company about the pending lawsuit sometime prior to July 3, 2018, and forwarded to the insurance company a "courtesy copy" of the summons and complaint.[1]

On June 18, 2018, the marshal attempted abode service on the defendant by leaving the summons and complaint at the property. The marshal later testified at a deposition that the property appeared to be inhabited and that there were no obvious signs that it had been abandoned or recently sold. In addition, the marshal noted in his return of service that he had "checked with the East Granby [t]own [a]ssessor's [o]ffice [and] found [that] the defendant own[ed] the [property]."[2] At that time, the property was the defendant's "last known address" on file with the Department of Motor Vehicles (department). The summons and complaint thereafter were filed with the Hartford Superior Court.

On July 3, 2018, the defendant's counsel, who was appointed by the defendant's insurance company, filed an appearance on behalf of the defendant. Two days later, the defendant's counsel filed interrogatories, requests for production, and a motion for permission to serve supplemental discovery on the plaintiff.

On July 31, 2018, the defendant filed a motion to dismiss on the ground that the trial court lacked personal jurisdiction over her due to insufficient service of process. Specifically, the defendant argued that (1) the abode service was defective because she did not reside at the property and (2) she never received the summons and complaint. In support of her motion to dismiss, the defendant submitted the affidavit of Patricia A. M. Vinci, her attorney-in-fact. In her affidavit, Vinci averred that, at the time the marshal attempted service, the defendant neither owned nor resided at the property. Vinci explained that, after being hospitalized on December 19, 2017, "due to a health condition," the defendant relocated to a nursing home facility in Windsor on December 22, 2017. The defendant then moved to an assisted living residence in Rhode Island on January 26, 2018, and has not "returned to Connecticut since that date."[3] Vinci also averred that the property was sold on June 4, 2018, and the sale closed on June 8, 2018.[4] Vinci initially learned of the first action on July 13, 2018, through a reservation of rights letter sent by the defendant's insurance carrier. In response, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss, contending that the court did not lack personal jurisdiction because the defendant received notice of the action before the statute of limitations period expired.

The trial court granted the defendant's motion to dismiss on January 14, 2019. In its memorandum of decision, the court found that abode service was the only manner of service attempted. The court further found that "the marshal failed to make proper service upon the defendant when he left a copy of the [writ of] summons and complaint at the [property] because the defendant had not resided at that property since at least January 26, 2018, when she moved to Rhode Island." Citing *Jimenez* v. *DeRosa*, 109 Conn. App. 332, 341, 951 A.2d 632 (2008),[5] the court held that the attempted abode service was insufficient to vest the court with jurisdiction because "the defendant was no longer residing at the [property] at the time of the attempted service and was no longer a Connecticut resident." As the court stated: "The evidence presented demonstrates that the defendant had been a resident of the state of Rhode Island for approximately six months prior to the attempted abode service, and, had the plaintiff searched the land records, he would have discovered that the defendant sold the [property] on June 8, 2018, ten days before the attempted service."[6] Because "the plaintiff's attempted service over the defendant was legally defective," the court concluded that it lacked personal jurisdiction over the defendant and dismissed the action.[7]

Days later, the plaintiff commenced the present action pursuant to § 52-592.[8] In response, the defendant filed an answer and, by way of special defense, asserted

that the plaintiff's action was barred by the statute of limitations set forth in General Statutes § 52-584.[9] The defendant thereafter filed a motion for summary judgment on the ground that the plaintiff's action was time barred because the plaintiff had failed to commence the first action "within the time limited by law," as required by § 52-592. Relying on our Supreme Court's decision in *Rocco* v. *Garrison*, 268 Conn. 541, 848 A.2d 352 (2004), the defendant argued that she did not have actual notice of the first action sufficient to bring the action under the protection of § 52-592.[10]

In a memorandum of law filed in opposition to the defendant's motion for summary judgment, the plaintiff contended that § 52-592 is remedial in nature and should be broadly construed. Because the marshal made a good faith and diligent effort to serve process at the property, and because Vinci was made aware of the first action before the limitation period expired, the plaintiff maintained that § 52-592 operated to preserve his action.

On February 10, 2020, the trial court heard oral argument on the defendant's motion for summary judgment. The defendant contended that the plaintiff's attempt to serve process was insufficient to commence the action for the purpose of § 52-592. Specifically, the defendant argued that (1) the attempted abode service did not commence the action because the defendant no longer lived at the property, (2) the insurance company's receipt of the summons and complaint did not provide the defendant with "actual notice" of the first action, and (3) Vinci was not provided with the summons and complaint until after the limitation period had expired. In response, the plaintiff argued that the marshal attempted to serve the defendant at the address listed on the police report, the department's records, and the records of the East Granby town assessor, and that there was no indication that the defendant had recently sold the property and no longer resided there. The plaintiff also asserted that the defendant's counsel, by filing an appearance, and Vinci, by receiving the notice of rights letter from the insurance company, both were provided with notice of the first action before the limitation period expired.

On May 6, 2020, the court denied the defendant's motion for summary judgment. In its memorandum of decision, the court determined that a genuine issue of material fact existed as to whether the first action was commenced within the statutory time period. The court reasoned that, although the defendant was not properly served, Vinci was "on notice" of the first action because she had received the reservation of rights letter from the defendant's insurance company before the statute of limitations expired.

On May 22, 2020, the defendant filed a motion to reargue with respect to the court's ruling on her motion for summary judgment.[11] The defendant contended that

whether Vinci was "on notice" of the first action was irrelevant to the question of whether that action had been "commenced within the time limited by law" pursuant to § 52-592. Rather, citing *Dorry* v. *Garden*, 313 Conn. 516, 98 A.3d 55 (2014), and *Rocco* v. *Garrison*, supra, 268 Conn. 541, the defendant claimed that an action is "commenced," despite insufficient service of process, only when the defendant receives actual notice before the limitation period expires. The defendant then asserted that the Supreme Court in both *Dorry* and *Rocco* had equated "actual notice" with receipt of the summons and complaint by the defendant. The defendant further submitted that the court had failed to consider the uncontroverted averments set forth in the supplemental affidavit provided by Vinci, in which Vinci clarified that she was not provided with a copy of the summons and complaint until two days *after* the statute of limitations had expired. See footnote 10 of this opinion.

After hearing argument from both parties, the court granted the defendant's motion to reargue, vacated its prior ruling and rendered summary judgment in favor of the defendant on January 4, 2021. In its memorandum of decision, the court stated that, "[u]pon review of all the motion papers and arguments of counsel in support of the motion to reargue, as well as all the motion papers filed in connection with the motion for summary judgment, it became apparent that this court overlooked [Vinci's] second affidavit. . . . Therefore, the court finds that undisputed facts exist to support the defendant's argument that the defendant or her agent did not receive effective, timely notice of the [first action]." (Citation omitted.) The court then noted that "[e]ffective notice [for purposes of § 52-592] appears to require at a minimum that the defendant somehow received a copy of the complaint prior to the expiration of the statute of limitations." (Internal quotation marks omitted.) The court continued: "The uncontested facts show that [Vinci] received a copy of the summons and complaint on July 17, 2018, which is outside the thirty day period granted by § 52-593a." For that reason, the court concluded that the notice provided by the plaintiff "was not sufficient to commence the action within the meaning of § 52-592." The court thus vacated its prior ruling denying the defendant's summary judgment motion and rendered summary judgment in favor of the defendant, after which the plaintiff appealed.

I

The plaintiff first claims that the court improperly concluded that § 52-592 did not operate to save his action. He submits that a genuine issue of material fact exists as to whether the first action was "commenced within the time limited by law," as required by § 52-592. The defendant, by contrast, contends that the court properly rendered summary judgment in her favor

because the record lacks an evidentiary basis for a necessary factual predicate to the operation of § 52-592—namely, that she received actual or effective notice of the first action prior to the expiration of the limitation period. We agree with the defendant.

At the outset, we note the well established standard that governs our review of the trial court's decision to grant a motion for summary judgment. "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Internal quotation marks omitted.) *Buehler* v. *Newtown*, 206 Conn. App. 472, 480–81, 262 A.3d 170 (2021).

In addition, we note that, "[i]n the context of a motion for summary judgment based on a statute of limitations special defense, [the defendants] typically [meet their] initial burden of showing the absence of a genuine issue of material fact by demonstrating that the action had commenced outside of the statutory limitation period. . . . When the plaintiff asserts that the limitations period has been tolled by an equitable exception to the statute of limitations, the burden normally shifts to the plaintiff to establish a disputed issue of material fact in avoidance of the statute. . . . Put differently, it is then incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted; internal quotation marks omitted.) *Iacurci* v. *Sax*, 313 Conn. 786, 799, 99 A.3d 1145 (2014).

On appeal, the plaintiff claims that the first action was "commenced within the time limited by law" pursuant to § 52-592 because the defendant's agents had notice of the action before the statute of limitations

expired. Specifically, the plaintiff argues that (1) Vinci was aware of the first action within the limitation period, and (2) the defendant's insurance company and appointed counsel each had actual notice of the first action before the statute of limitations had expired. The plaintiff contends that such awareness was sufficient to bring the first action within the protection of § 52-592. We disagree.

As our Supreme Court has explained in resolving a related claim, "the plaintiff's claim requires us to interpret the phrase commenced within the time limited by law contained in § 52-592 (a). The proper interpretation of § 52-592 (a) is a question of statutory construction over which our review is plenary. . . . That review is guided by well established principles of statutory interpretation . . . . As with all issues of statutory interpretation, we look first to the language of the statute. . . . In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. . . . Furthermore, [i]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous. . . .

"Section 52-592 (a) provides in relevant part: If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." (Citations omitted; internal quotation marks omitted.) *Dorry* v. *Garden*, supra, 313 Conn. 525–26.

"When a suit has been started seasonably, the statute extends the [s]tatute of [l]imitations for a period of one year after the determination of the original action." *Ross Realty Corp.* v. *Surkis*, 163 Conn. 388, 393, 311 A.2d 74 (1972). Section 52-592 "is a savings statute that is intended to promote the strong policy favoring the adjudication of cases on their merits rather than the disposal of them on the grounds enumerated in § 52-592 (a). . . . [H]owever . . . this policy is not without limits. If it were, there would be no statutes of limitations. Even the saving[s] statute does not guarantee that all plaintiffs have the opportunity to have their cases decided on the merits. It merely allows them a limited opportunity to correct certain defects in their actions

within a certain period of time." (Internal quotation marks omitted.) *Riccio* v. *Bristol Hospital, Inc.*, 341 Conn. 772, 780, 267 A.3d 799 (2022); see also *Pintavalle* v. *Valkanos*, 216 Conn. 412, 417, 581 A.2d 1050 (1990) ("[a]lthough § 52-592 is a remedial statute . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless" (citation omitted)).

"In interpreting the language of § 52-592 (a) . . . we do not write on a clean slate, but are bound by our previous judicial interpretations of the language and the purpose of the statute." *Dorry* v. *Garden*, supra, 313 Conn. 526. Our Supreme Court has twice addressed the issue of when insufficient service of process nonetheless may be deemed to have "commenced" an action "within the time limited by law" pursuant to § 52-592.

In *Rocco* v. *Garrison*, supra, 268 Conn. 545, the plaintiffs filed their initial complaint with the United States District Court for the District of Connecticut, after which the clerk of that court returned the summons and complaint to the plaintiffs for service on the defendant. Pursuant to rule 4 (d) (1) of the Federal Rules of Civil Procedure,[12] the plaintiffs sent the summons and complaint, and two copies of notice and request for waiver of formal service to the defendant's home address via certified mail. Id., 545–46. Thereafter, the plaintiffs' counsel received a return receipt from the United States Postal Service indicating that the items had been delivered to the defendant four days before the statute of limitations expired. Id., 546. The defendant, however, did not sign and return the waiver of service form, and the statute of limitations expired before the plaintiffs' counsel could effect formal service of process. Id. The District Court subsequently dismissed the plaintiffs' claim for insufficient service of process. Id.

The plaintiffs thereafter filed a second action in the Superior Court pursuant to § 52-592. Id. In response, the defendant moved for summary judgment "on the ground that the plaintiffs' federal action had not been commenced within the meaning of the savings statute due to a lack of proper service and that [§ 52-592] was inapplicable and could not save the plaintiffs' second action." Id., 547. The trial court agreed and rendered summary judgment in favor of the defendant. Id. On appeal, our Supreme Court noted that "the language of § 52-592 distinguishes between the commencement of an action and insufficient service of process by providing that the action may fail *following* its commencement *because* of insufficient service." (Emphasis in original.) Id., 550. The court then clarified that an action is "commenced," as that term is used in § 52-592, when a defendant receives "effective notice" of the action within the time period prescribed by the statute of limitations. Id., 551. Because "the summons, a copy of the complaint and a notice of the action were delivered to the defen-

dant by certified mail four days before the expiration of the statute of limitations"; id., 553; the court concluded that "the defendant received actual notice of the action" within the limitation period, thereby bringing it within the protection of § 52-592. Id., 552–53.

The Supreme Court further refined its interpretation of the "commenced within the time limited by law" language of § 52-592 in *Dorry* v. *Garden*, supra, 313 Conn. 516. *Dorry* involved a wrongful death action against medical practitioners in which the plaintiff sent a summons and complaint to a marshal by overnight delivery and requested that the defendants be served "in hand." Id., 520. The marshal then attempted to serve the defendants by leaving copies of the summons and complaint at various professional or hospital offices. Id. Because the marshal erroneously indicated on the return of service that each defendant was served "in hand," however, the trial court dismissed the initial claims against the defendant for insufficient service of process. Id. The plaintiff subsequently commenced an action in the Superior Court pursuant to § 52-592. Id. The defendants moved for summary judgment on the ground that the wrongful death action had not been "commenced" for purposes of that statute; the trial court agreed and rendered summary judgment in their favor. Id., 520–21.

On appeal, our Supreme Court explained that "in *Rocco*, this court recognized that the phrase 'commenced within the time limited by law' [in § 52-592] cannot mean effectuating proper service, and that effective notice to a defendant is sufficient." Id., 529. The court first noted that, because "the plaintiff produced evidence demonstrating that [two of the defendants] became aware of the first action and received a copy of the writ, summons and complaint"; id.; within the limitation period, the trial court "improperly determined that [§ 52-592] did not save the plaintiff's second action against those defendants." Id., 530.

The court then addressed the question of "whether the additional thirty days for a marshal to serve process under § 52-593a is part of the 'time limited by law' contained in [§ 52-592]." Id., 531. The court answered that query in the affirmative, stating: "[I]f a defendant *has effective notice* within the thirty day period allowed for a marshal to make service of the writ, summons and complaint, the action will be considered commenced for purposes of the savings statute." (Emphasis added.) Id., 533. Five sentences later in its decision, the court similarly stated: "[W]e conclude that, applying the principles of *Rocco*, if a defendant *has actual notice* within the thirty days . . . for a marshal to make service, the savings statute would operate to save the claim."[13] (Emphasis added.) Id., 534. Because two additional defendants had confirmed in deposition testimony that they received copies of the summons and complaint

within the thirty day period of § 52-593a, the court held that the trial court improperly determined that § 52-592 did not operate to save the plaintiff's action against them as well.[14] Id., 534–35.

More recently, in considering when insufficient service of process may be deemed to have "commenced" an action pursuant to § 52-592, this court addressed the issue of whether something short of "notice by way of receipt of the summons and complaint" could satisfy the "actual or effective notice" standard articulated by our Supreme Court in *Rocco* and *Dorry*. (Emphasis omitted.) See *Kinity* v. *US Bancorp*, 212 Conn. App. 791, 848, 277 A.3d 200 (2022). This court began its analysis with an extensive review of the *Rocco* and *Dorry* decisions; see id., 840–46; and emphasized that, "[i]n both *Rocco* and *Dorry*, [our Supreme Court] determined that the original action had commenced for purposes of § 52-592 because, even though service of the summons and complaint was defective, the defendants *actually received the summons and complaint*, and thereby got actual or effective notice of the action within the time period prescribed by the applicable statute of limitations." (Emphasis in original.) Id., 848. The court then noted that the plaintiff in *Kinity* had presented no evidence that the defendant bank had "*actually received* the summons and complaint in the original action." (Emphasis in original.) Id.

In opposing the defendant's motion for summary judgment, the plaintiff in *Kinity* maintained that a genuine issue of material fact existed as to whether the defendant had actual notice of the original action due to (1) certain communications between the plaintiff and the defendant, and (2) the fact that counsel for the defendant had filed an appearance in the original action. Id., 849. This court rejected that contention, stating in relevant part: "[T]he communications between the plaintiff and the [defendant], and the [defendant's] belated appearance in the original action were insufficient to create a genuine issue of material fact that the [defendant] had actually received the summons and complaint, and thereby got actual or effective notice of the original action." Id., 850. Section 52-592 requires that the original action must "have been commenced. Pursuant to § 52-592, the original action may be commenced by way of insufficient or defective service rather than good, complete, and sufficient service of process. . . . However, [a]n action is commenced not when the writ is returned but when it is served upon the defendant. . . . In other words, the action is commenced in a timely manner for purposes of § 52-592 when the defendant receive[s] clear and unmistakable notice of that action upon delivery of the summons, complaint and related materials . . . . Pursuant to our Supreme Court's decisions in *Rocco* and *Dorry*, an action is commenced within the meaning of § 52-592 when a defendant receives actual or effective notice of

the action, within the time period prescribed by law, by way of receipt of the summons and complaint." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 851; see also id., 850 ("the June, 2016 communications [between the parties] and the [defendant's] appearance were not sufficient to create a genuine issue of material fact as to whether the [defendant] had actual or effective notice of the original action *by way of receipt of the summons and complaint*, as required by *Rocco* and *Dorry*" (emphasis in original)).

In affirming the propriety of the summary judgment rendered in favor of the defendant, this court then held that "the plaintiff failed to provide the [trial] court with any evidence that the [defendant] itself had actual or effective notice of the original action *by way of receipt of the summons and complaint . . . .*" (Emphasis in original.) Id., 852. The court thus concluded that the plaintiff had "failed to demonstrate the existence of a genuine issue of material fact as to whether the defendant had actual or effective notice of the original action by way of receipt of the summons and complaint. As a result, the [trial] court properly determined that § 52-592 could not operate to save the plaintiff's untimely claims." Id.

We are bound by the judicial construction of the "actual or effective notice" standard set forth in *Kinity*, which was decided only months ago. See, e.g., *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 759, 966 A.2d 239 (2009) ("this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel" (internal quotation marks omitted)); see also *State* v. *Houghtaling*, 326 Conn. 330, 343, 163 A.3d 563 (2017) (Appellate Court panel appropriately recognized it was bound by that court's own precedent), cert. denied,    U.S.   , 138 S. Ct. 1593, 200 L. Ed. 2d 776 (2018). Whether to revisit the "actual or effective notice" standard articulated in *Rocco* and *Dorry* properly is the prerogative of this state's highest court. See *Devine* v. *Fusaro*, 205 Conn. App. 554, 582 n.20, 259 A.3d 655 (noting that Appellate Court panel cannot overrule decision of another panel and expressly inviting Supreme Court, "if provided an appropriate opportunity, to discuss more fully and definitively the proper application" of legal standard articulated in Supreme Court precedent), cert. granted, 339 Conn. 904, 260 A.3d 1224 (2021).

The critical question, then, is whether the plaintiff in the present case provided the court with any evidence "to demonstrate the existence of a genuine issue of material fact as to whether the defendant had actual or effective notice of the original action by way of receipt of the summons and complaint" within the applicable limitation period. *Kinity* v. *US Bancorp*, supra, 212 Conn. App. 852.

In its memorandum of law in opposition to the defen-

dant's motion for summary judgment, the plaintiff argued that "[t]he fact that the defendant did not have notice until after the original statute of limitations is of no consequence." We disagree. That contention simply cannot be reconciled with the precedent set in *Rocco*, *Dorry*, and *Kinity*, which all require "actual or effective notice" to a defendant within the time limited by law to bring an action within the confines of § 52-592.

It is undisputed that the defendant herself never received the summons and complaint in the first action within "the time limited by law," as required by § 52-592. The court also was presented with uncontroverted evidence, in the form of two sworn affidavits, demonstrating that (1) the plaintiff never provided a copy of the summons and complaint to Vinci, and (2) Vinci did not receive a copy of those materials until the attorney retained by the defendant's insurance company emailed them to her on July 17, 2018, two days *after* the statute of limitations had expired.[15]

Furthermore, although Vinci received a reservation of rights letter from the defendant's insurance company before the limitation period expired, such a letter does not suffice for actual or effective notice of the plaintiff's action. Unlike the summons and complaint, which apprise a defendant of the parties to the lawsuit and the specific allegations made against her; see, e.g., *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.*, 128 Conn. 107, 109, 20 A.2d 621 (1941) ("[I]n this state, the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. . . . That, in our judgment, is the sounder rule, because only thus is the defendant put upon notice of the purpose of the plaintiff to call upon [the defendant] to answer to the claim in court." (Citations omitted.)); an insurance company's reservation of rights letter is merely an insurer's offer to defend the insured policyholder while preserving the right to later litigate and disclaim the coverage.[16] There is nothing in the record to indicate that the reservation of rights letter communicated to the defendant the identity of the party bringing suit against her or the gravamen of the complaint alleged.[17] Moreover, as Vinci averred in her February 5, 2020 affidavit, "[a] copy of the [s]ummons and [c]omplaint was not enclosed with the [reservation of rights] letter" that she received from the defendant's insurance company. Accordingly, Vinci cannot be said to have received actual or effective notice within "the time limited by law," as required by § 52-592.

The plaintiff alternatively contends that the defendant's insurance company and appointed counsel were her "agents" for the purpose of receiving service of process, such that any notice provided to the insurance company or the attorney that it retained to represent the defendant would be imputed to the defendant and commence the action for the purposes of § 52-592. The

plaintiff thus argues that the defendant received actual or effective notice of the first action because, prior to the expiration of the limitation period, (1) her insurance company received a copy of the summons and complaint, and (2) the attorney retained by the insurance company filed an appearance and discovery motions in the Superior Court. We do not agree.

As an initial matter, we note that the plaintiff has not provided any legal authority to support his contention that the defendant's insurance company was her "agent" for the purpose of receiving service of process.[18] Even if we were to assume, arguendo, that the insurance company was her agent, our statutory framework for effecting service of process nonetheless establishes that service provided to the insurance company, in lieu of service provided to the defendant, would be improper. General Statutes § 52-57 (a) specifies the proper manner of service on individuals, providing in relevant part that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, *with the defendant, or at his usual place of abode*, in this state." (Emphasis added.) That language prescribes two proper methods of service on an individual—personal service or abode service. Section 52-57 (a) does *not* provide for service on the individual's "agent," as do other statutory provisions pertaining to service of process on municipalities, corporations, partnerships, and voluntary associations.[19] See General Statutes § 52-57 (b) through (e).

Our legislature has provided an exception to that general rule in motor vehicle negligence actions in which either (1) the defendant is a nonresident or (2) the defendant's last known address is located within the state. See General Statutes §§ 52-62[20] and 52-63.[21] In such situations, §§ 52-62 and 52-63 allow the plaintiff to effectuate service of process by leaving a true and attested copy of the summons and complaint at the office of the Commissioner of Motor Vehicles (commissioner), and by sending the same via certified or registered mail to the defendant's last known address.

Although formal service of process under both statutes requires the plaintiff to deliver the summons and complaint to the commissioner, and to mail the same to the defendant, this court has held that an action *commences* for the purposes of § 52-592 when, pursuant to § 52-62, a plaintiff serves the commissioner with process but fails to properly mail a copy of the summons and complaint to the defendant's last known address. See *Megos* v. *Ranta*, 179 Conn. App. 546, 551, 554–55, 180 A.3d 645, cert. denied, 328 Conn. 917, 180 A.3d 961 (2018). In so holding, this court explained that the legislature explicitly intended to provide individuals involved in motor vehicle accidents with an alternative to in-person or abode service. See id., 554 (plain language of § 52-62 (a) "provides that service on the com-

missioner *has the same validity as service on the defendant personally*" (emphasis altered)). By contrast, our legislature has not provided any exception that authorizes a plaintiff to serve process upon a defendant's insurance company. We, therefore, cannot accept the plaintiff's unfounded contention that an action commences for the purposes of § 52-592 when the defendant's insurance company, rather than the defendant, receives actual notice of the action.

Finally, we conclude that the filing of an appearance and certain discovery motions within the limitation period by the attorney appointed by the insurance company to represent the defendant was not sufficient to impute actual notice to the defendant, such that the action was commenced pursuant to § 52-592. It is well established that a party may file an appearance without waiving the claim of insufficient service of process. See, e.g., *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 395–96, 21 A.3d 451 (2011); cf. *Foster* v. *Smith*, 91 Conn. App. 528, 537, 881 A.2d 497 (2005). Moreover, there is nothing in the record to indicate that the attorney retained by the insurance company had any communication whatsoever with either the defendant or Vinci prior to entering the appearance on July 3, 2018, or filing discovery motions on July 5, 2018. To the contrary, Vinci's sworn affidavits indicate that she "first learned of the [first action] on July 13, 2018," when she received the reservation of rights letter from the defendant's insurance company and did not learn the identity of the plaintiff or the gravamen of his complaint until she received an email from the attorney appointed by the insurance company *after* the limitation period had expired.

To the extent that Vinci became "aware" of the first action prior to the expiration of that limitation period, such general awareness does not suffice for the actual or effective notice required to commence an action under our law. The plaintiff has provided no legal authority for his contention that mere awareness suffices to constitute the commencement of a legal action.[22] The precedent of our Supreme Court, as well as this court, instructs that only when a defendant is provided notice of an action by way of receipt of a summons and complaint does § 52-592 operate to save the plaintiff's claim.[23] See *Dorry* v. *Garden*, supra, 313 Conn. 533–35; *Rocco* v. *Garrison*, supra, 268 Conn. 551–53; *Kinity* v. *US Bancorp*, supra, 212 Conn. App. 847–53. To the extent that the plaintiff invites this court to depart from that precedent and relax the actual or effective notice standard articulated therein, we decline that invitation.[24] As an intermediate appellate court, we are not at liberty to modify that authority. See, e.g., *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 121 Conn. App. 31, 48–49, 994 A.2d 262, cert. denied, 297 Conn. 918, 996 A.2d 277 (2010), and case law cited therein.

In light of the foregoing, we conclude that the trial court properly determined that no genuine issue of material fact exists as to whether the defendant received actual or effective notice of the first action within the time limited by law. The court, therefore, properly concluded that § 52-592 did not apply.

## II

The plaintiff also claims that the court abused its discretion in granting the defendant's motion to reargue. He contends that the court failed to identify a legitimate ground for reargument, thereby providing the defendant with an impermissible second bite at the proverbial apple. We disagree.

The following legal principles and standard of review guide our resolution of that claim. "We review the adjudication of a motion to reargue . . . for an abuse of discretion . . . which means that every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only [when] an abuse of discretion is manifest or [when] injustice appears to have been done. . . .

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address [alleged inconsistencies in the trial court's memorandum of decision as well as] claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple [or to present additional cases or briefs which could have been presented at the time of the original argument] . . . ." (Citations omitted; internal quotation marks omitted.) *Klass* v. *Liberty Mutual Ins. Co.*, 341 Conn. 735, 740–41, 267 A.3d 847 (2022).

In its memorandum of decision granting the defendant's motion to reargue, the court clarified that, in originally denying the defendant's motion for summary judgment, it had overlooked the supplemental affidavit submitted by Vinci. In that affidavit, Vinci averred that she did not receive a copy of the summons and complaint until after the limitation period had expired. Specifically, the court stated that, "[o]n February 13, 2020, without seeking permission of the court to do so, or otherwise notifying the court of her intention, the defendant filed a supplemental reply . . . to the plaintiff's objection to which she appended a second affidavit [from Vinci], which [Vinci] executed on February 11, 2020 . . . the day after oral argument on the motion. The second affidavit clarified her first affidavit by stating for the first and only time that, although she learned of the [first action] on July 13, 2018, at the time she received a July 5, 2018 reservation of rights letter from

the insurance company, she did not receive a copy of the summons and complaint until July 17, 2018, when she received a copy of those documents from the defendant's counsel. Thus, on February 10, 2020, at the time of oral argument, it was not clear to the court that undisputed evidence had actually been submitted by the defendant in support of the motion for summary judgment to demonstrate that [Vinci] did not receive the summons and complaint until after the statute of limitations had expired.

"Upon review of all the motion papers and arguments of counsel in support of the motion to reargue, as well as all the motion papers filed in connection with the motion for summary judgment, it became apparent that this court overlooked the second affidavit. . . . Therefore, the court finds that undisputed facts exist to support the defendant's argument that the defendant or [Vinci] did not receive effective, timely notice of the [first action]." (Citations omitted.) Concluding that no genuine issue of fact existed as to whether Vinci received actual or effective notice of the first action within the limitation period, the court determined that the defendant was entitled to summary judgment.

On appeal, the plaintiff claims that the court could not have "misapprehended the facts" concerning Vinci's receipt of the summons and complaint because the court (1) received the supplemental affidavit prior to issuing its initial memorandum of decision denying the defendant's motion for summary judgment and (2) found that Vinci had received the summons and complaint after the statute of limitations had lapsed in the initial memorandum of decision, indicating that the court was aware of the facts contained in the supplemental affidavit when rendering its decision.

Although we agree with the plaintiff that the court was in possession of the supplemental affidavit prior to rendering its initial decision denying the defendant's motion for summary judgment, we cannot conclude that the court abused its discretion in granting the defendant's motion to reargue. Rather, we interpret the court's admission that it "overlooked the [supplemental] affidavit" to mean that it initially misapprehended the *legal significance* of Vinci's statement that she did not receive a copy of the summons and complaint until July 17, 2018. Indeed, the court was aware of the facts alleged in the supplemental affidavit when it initially denied the defendant's motion for summary judgment. Only upon reconsideration, however, did the court appreciate the import of those uncontroverted averments and correctly determine that they were dispositive of the legal question as to whether Vinci received actual or effective notice of the first action "within the time limited by law," as required by § 52-592. Indulging every reasonable presumption in favor of the correctness of the court's ruling, we conclude that the court

did not abuse its discretion in granting the defendant's motion for reargument.

The judgment is affirmed.

In this opinion FLYNN, J., concurred.

[1] The record includes the affidavit of David Nielsen, who was employed by the law firm that represented the plaintiff in the first action. Nielsen averred in relevant part that he "was employed by the law firm . . . from approximately June 2017 through August 2018," that "[o]ne of [his] responsibilities was to work on the personal injury file" of the plaintiff, and that, as part of those responsibilities, he "communicated . . . with [a] Claims Representative for Central Insurance Companies [who] represented . . . that his company insured the defendant . . . ." Although he averred that he "sent a courtesy copy of the [s]ummons and [c]omplaint" to the insurance company, Nielsen did not specify when he did so. Because an appearance was filed by an attorney retained by the insurance company to represent the defendant in the first action on July 3, 2018, that insurance company necessarily received notice of the pendency of the action sometime prior thereto.

[2] In his deposition testimony, the marshal clarified that he did so by conducting a search on the website of the East Granby assessor's office.

[3] Vinci further averred that the defendant "has not physically resided at [the property] since December 19, 2017."

[4] The defendant also submitted a certified copy of the warranty deed in support of its motion to dismiss evidencing the sale of the property. The deed was recorded on the East Granby land records on June 11, 2018, one week before the marshal attempted abode service at the property.

[5] In *Jimenez* v. *DeRosa*, supra, 109 Conn. App. 338, this court held that abode service is not effective unless the property in question "is the defendant's home *at the time when service is made.*" (Emphasis added.) In so stating, this court rejected the plaintiff's claim that "abode service was proper in light of the defendant's failure to inform government agencies that he was no longer a resident" at the property on which service was made. Id., 337.

[6] In its memorandum of decision, the court noted that, "[a]t oral argument [on] the defendant's motion to dismiss, the court granted the plaintiff's request for additional time to engage in further discovery regarding the facts and circumstances surrounding the plaintiff's attempted service of process. The court also indicated that the plaintiff would be afforded the opportunity to present any evidence gleaned through discovery at an evidentiary hearing to address the jurisdictional issues presently before the court. The plaintiff subsequently contacted the court and indicated . . . that an evidentiary hearing was not required or requested, and that the court should proceed to rule on the defendant's motion to dismiss based on the evidence already submitted."

[7] The plaintiff did not appeal from that judgment of dismissal. Accordingly, the propriety of the court's determinations in the first action is not properly before this court.

[8] The marshal's January 17, 2019 return of service indicates that process was served in numerous ways, including service on the Commissioner of Motor Vehicles pursuant to General Statutes § 52-62.

[9] General Statutes § 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

The plaintiff's injury accrued on June 21, 2016, the date of the motor vehicle accident. As such, the limitation period initially was set to expire on June 21, 2018.

General Statutes § 52-593a, however, operates to render an action timely commenced so long as process is delivered to a marshal prior to the expiration of the applicable statute of limitations and the marshal serves such process within thirty days, even when the thirty day grace period extends beyond the initial expiration date. See *Doe* v. *West Hartford*, 328 Conn. 172, 175, 177 A.3d 1128 (2018). Likewise, our Supreme Court has held that §§ 52-592 and 52-593a work in conjunction so that an action may be "saved" for the purposes of § 52-592 as long as the defendant received "actual notice" of the action within the thirty day grace period during which a marshal is

permitted to effectuate service. See *Dorry* v. *Garden*, 313 Conn. 516, 533–34, 98 A.3d 55 (2014). In the present case, the plaintiff delivered process to the marshal on June 14, 2018, within the limitation period of § 52-584. Accordingly, the final day by which the plaintiff could provide service of process to the defendant in accordance with § 52-593a was July 15, 2018.

¹⁰ In support of her motion for summary judgment, the defendant submitted several exhibits, including Vinci's July 30, 2018 affidavit, in which Vinci averred that she "first learned" of the first action on July 13, 2018, by way of a letter sent from the defendant's insurance carrier. The defendant also submitted Vinci's February 5, 2020 supplemental affidavit, in which Vinci clarified that the letter that she received from the defendant's insurance carrier on July 13, 2018, "pertained to [its] reservation of rights with respect to one of the claims made against [the defendant]," which was that "[a] copy of the [s]ummons and [c]omplaint was not enclosed with [that] letter," and that Vinci "was first provided a copy of the [s]ummons and [c]omplaint on July 17, 2018, via email from counsel retained by the auto insurance carrier to represent [the defendant]."

¹¹ The defendant also filed a motion to dismiss on May 29, 2020, arguing that, because the plaintiff's action was time barred and could not be saved by § 52-592, the court was without subject matter jurisdiction to hear the plaintiff's claim. The court rejected the defendant's motion, holding that the failure to comply with § 52-592 cannot deprive the court of subject matter jurisdiction because § 52-592 does not confer jurisdiction.

¹² Rule 4 (d) (1) of the Federal Rules of Civil Procedure provides in relevant part: "An individual . . . [who] is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

"(A) be in writing and be addressed:

"(i) to the individual defendant; or

"(ii) for a defendant subject to service under Rule 4 (h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

"(B) name the court where the complaint was filed;

"(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

"(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

"(E) state the date when the request is sent;

"(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

"(G) be sent by first-class mail or other reliable means."

The rule is "intended to encourage parties to save the cost of formal service of a summons and complaint by providing that an individual who is subject to service and who receives notice of an action in the prescribed manner has a 'duty' to avoid the unnecessary costs of service of the summons by complying with a request to waive formal service." *Rocco* v. *Garrison*, supra, 268 Conn. 545–46.

¹³ In neither *Rocco* nor *Dorry* did the Supreme Court define the term "effective notice" or articulate any distinction between "actual notice" and "effective notice." Rather, the terms are used interchangeably in those decisions.

¹⁴ A fifth defendant testified in a deposition that, after the marshal left process for him with a risk management employee at New Milford Hospital, that employee had "called him and notified him that a writ, summons and complaint were delivered for him and that he received them several days later." *Dorry* v. *Garden*, supra, 313 Conn. 534. That defendant, however, could not testify "as to the exact date" on which the employee had contacted him. Id. For that reason, the Supreme Court concluded that " 'a critical factual dispute' " existed as to whether that defendant received notice within the thirty day period of § 52-593a that "cannot be resolved in the absence of an evidentiary hearing." Id., 535. The court thus concluded that the trial court improperly dismissed the plaintiff's action against that defendant and remanded the case to the trial court for further proceedings. Id.

¹⁵ For the purposes of the present analysis, we assume, without deciding, that notice provided to a defendant's attorney-in-fact may be imputed to the defendant so as to constitute the commencement of an action pursuant to § 52-592.

¹⁶ See, e.g., *United States* v. *Hebshie*, 549 F.3d 30, 37 n.7 (1st Cir. 2008)

("[a] reservation-of-rights letter is a notice of an insurer's intention not to waive its contractual rights to contest coverage or to apply an exclusion that negates an insured's claim" (internal quotation marks omitted)); *Sonson* v. *United Services Automobile Assn.*, 152 Conn. App. 832, 837, 100 A.3d 1 (2014) (insurer provided reservation of rights letter that "expressly informed the [insured policyholder] of the possibility of denial of coverage on the basis" of certain exclusions); 14A S. Plitt et al., Couch on Insurance (3d Ed. Rev. 2020) § 202:39, pp. 202-143 through 202-145 ("A reservation of rights is a term of art designed to allow a liability insurer to provide a defense while still preserving the option to later litigate and ultimately deny coverage. . . . In modern times . . . it is more likely that such a reservation of rights will be encountered in the form of a letter which the insurer sends . . . stating the insurer's willingness to commence the defense, but explicitly stating that it does so with full reservation of specific rights." (Footnotes omitted.)).

[17] Although the defendant's counsel repeatedly referenced the reservation of rights letter in her pleadings and stated that the letter was attached to certain pleadings, the electronic record before us does not include a copy of that letter. In discussing the substance of the reservation of rights letter in its May 29, 2020 motion to dismiss, the defendant explained that it "contains almost no information regarding the subject incident or the action. It does not identify the plaintiff, it does not set forth the time and location of the alleged incident, it does not set forth the claims alleged against the defendant and/or the nature and/or extent of the plaintiff's alleged injuries and/or damages." The plaintiff did not dispute the accuracy of that characterization of the reservation of rights letter in its opposition to the defendant's motion to dismiss or any other pleading, and neither party submitted the reservation of rights letter in support of their respective pleadings on the motion for summary judgment.

[18] The only authority cited by the plaintiff in his appellate brief concerns the general proposition that an agent's knowledge is imputed to the principal. See *Sousa* v. *Sousa*, 173 Conn. App. 755, 773 n.6, 164 A.3d 702 ("[n]otice to, or knowledge of, an agent, while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to, or knowledge of, the principal"), cert. denied, 327 Conn. 906, 170 A.3d 2 (2017). He has provided no authority regarding the situation in which a defendant's alleged agent receives service of process purportedly on the defendant's behalf.

[19] We note that rule 4 (e) (2) (C) of the Federal Rules of Civil Procedure provides that an individual may be served by "delivering a copy of [the summons and complaint] to an *agent authorized by appointment or by law to receive service of process*." (Emphasis added.)

Connecticut law contains no similar provision. "[I]t is a well settled principle of statutory construction that the legislature knows how to convey its intent expressly . . . or to use broader or limiting terms when it chooses to do so." (Citation omitted.) *Scholastic Book Clubs, Inc.* v. *Commissioner of Revenue Services*, 304 Conn. 204, 219, 38 A.3d 1183, cert. denied, 568 U.S. 940, 133 S. Ct. 425, 184 L. Ed. 2d 255 (2012). Accordingly, we adhere to the plain language of § 52-57 (a), which limits service of process on an individual to either in-person or abode service.

[20] General Statutes § 52-62 provides in relevant part: "(a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally. . . .

"(c) Process in such a civil action against a nonresident shall be served by the officer to whom the process is directed upon the Commissioner of Motor Vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon the commissioner, addressed to the defendant or representative at his last-known address. . . ."

[21] General Statutes § 52-63 provides in relevant part: "(a) Any person whose

last-known address is located in this state and who owns or operates a motor vehicle, at the time of issuance of such person's license or registration shall be deemed to have appointed the Commissioner of Motor Vehicles as his or her attorney and to have agreed that any process in any civil action against such person on account of any claim for damages resulting from his or her alleged negligence or the alleged negligence of his or her servant or agent in the operation of any motor vehicle in this state may be served upon the commissioner as provided in this section and shall have the same validity as if served upon the owner or operator personally, even though the person sought to be served has left the state prior to commencement of the action or his or her present whereabouts is unknown.

"(b) Service of civil process may be made on a motor vehicle operator who (1) is licensed under the provisions of chapter 246, or (2) is unlicensed and has a last-known address in this state by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his or her last address on file in the [department] if (A) it is impossible to make service of process at the operator's last address on file in the [department], and (B) the operator has caused injury to the person or property of another.

"(c) Service of civil process may be made on the owner of a motor vehicle who (1) has registered such motor vehicle in this state under the provisions of chapter 246, or (2) has not registered such motor vehicle in this state and whose last-known address is located in this state by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his or her last address on file in the [department] if (A) it is impossible to make service of process at the owner's last address on file in the [department], (B) the owner has loaned or permitted his motor vehicle to be driven by another, and (C) the motor vehicle has caused injury to the person or property of another. . . ."

[22] As one court aptly noted, "[s]imply hearing . . . that a suit has been brought against you cannot be effective notice to a defendant. . . . The court knows of no case where an action has been determined to have been commenced against a defendant [pursuant to § 52-592] based simply on the fact that the defendant heard about it, but had not received or been served a copy of the complaint." *Berlin* v. *Israel*, Superior Court, judicial district of Hartford, Docket No. CV-14-6055525-S (June 2, 2015) (60 Conn. L. Rptr. 463, 465).

[23] We reiterate that the record before us unequivocally indicates that neither the defendant nor Vinci received copies of the summons and complaint prior to the expiration of the limitation period.

[24] For that reason, we likewise reject the plaintiff's contention that his failure to provide actual or effective notice to the defendant should be excused in light of the "diligent, good faith effort [that] was attempted to serve the defendant." *Rocco*, *Dorry*, and *Kinity* instruct that the salient inquiry when considering the commencement of an action for purposes of § 52-592 concerns the adequacy of the notice provided to a defendant, rather than the sincerity of a plaintiff's efforts in attempting service. As this court has observed, "[a]n attempt to serve a person affected improperly by making abode service at a place where that party does not reside . . . will not suffice to give actual or constructive notice." *Bove* v. *Bove*, 77 Conn. App. 355, 363, 823 A.2d 383 (2003); see also *Capers* v. *Lee*, 239 Conn. 265, 271, 684 A.2d 696 (1996) (explaining that, although it is "remedial in its character," § 52-592 "applies only when there has been an original action that had been commenced in a timely fashion" (internal quotation marks omitted)).